MATTER OF P——

In SECTION 245 Proceedings

A-6819635

*Decided by Assistant Commissioner April 13, 1959*

Adjustment of status—Section 245 of the 1952 act, as amended—*Nunc pro tunc* exercise of section 212(d)(3) of act to legalize nonimmigrant entry—Grant of "defector" status to cure present inadmissibility.

Alien who was inadmissible to the United States at time of nonimmigrant entry in 1947 by reason of prior membership in Communist Party of Czechoslovakia is qualified for adjustment of status under section 245 of the act, as amended, upon discretionary exercise *nunc pro tunc* of waiver under section 212(d)(3) of the act and finding of present eligibility for "defector" status under section 212(a)(28)(I)(ii) of the act.

APPLICATION: For the benefits of section 212(a)(28)(I)(ii) of the Immigration and Nationality Act and waiver under section 212(d)(3) of the Immigration and Nationality Act, in connection with adjustment of status under section 245, as amended, of the Immigration and Nationality Act.

BEFORE THE ASSISTANT COMMISSIONER

**Discussion:** The applicant is a single male, aged 58, a native of Czechoslovakia, now stateless, whose only entry into the United States was at the port of New York on December 10, 1947, as a passenger on the SS. *Queen Mary*. He was then admitted temporarily until October 30, 1948, as a student under section 4(e) of the Immigration Act of 1924. He entered under the auspices of the Rockefeller Foundation as a research fellow and intended to return to Czechoslovakia, where he owned and maintained his residence, upon the completion of his studies. He did research work in economics at the Institute for Advanced Study, Princeton, and at Harvard University. In February 1948, he heard of the "coup d'etat" by the Communist Party in his native country, and then decided not to return to that country.

The alien has been the subject of various proceedings before this Service, records of which are incorporated in the current proceeding. On October 19, 1948, he filed an application for adjustment of status under section 4 of the Displaced Persons Act of 1948 which was denied February 13, 1952, for the reason that he was inadmissible under section 1(2)(C) of the Act of October 16, 1918, because of

prior membership in the Communist Party of Czechoslovakia. On December 13, 1954, a warrant of arrest in deportation proceedings was issued on the charge that at the time of entry he was excludable as an alien who had been a member of the Communist Party of Czechoslovakia. The special inquiry officer in this order of April 11, 1955, found the charge sustained, granted voluntary departure with an alternative order of deportation in the event respondent failed to comply with the voluntary departure provision. The decision became final when an appeal was dismissed by the Board of Immigration Appeals on August 4, 1955. A warrant of deportation was issued on March 19, 1957, and the respondent placed on notice of intended deportation to Czechoslovakia. Subject filed on October 14, 1957, an application for a stay of deportation under section 243(h) of the Immigration and Nationality Act, alleging he would be subject to physical persecution because of his anti-Communist activity. After interrogation, the special inquiry officer on December 27, 1957, recommended that deportation to Czechoslovakia be withheld indefinitely, and this recommendation was approved by the Acting Regional Commissioner on March 4, 1958.

The applicant is an associate professor of economics at Ricker College, Houlton, Maine. That institution filed a visa petition in his behalf under section 203(a)(1) of the Immigration and Nationality Act which was approved on May 20, 1958.

Subsequent to the amendment of section 245 of the 1952 act by the Act of August 21, 1958 (72 Stat. 699), the current application was filed. An immigrant visa appears to be immediately available to the applicant and he has established that he is a person of good moral character. It remains to be established whether he may be considered to have been lawfully admitted to the United States as a *bona fide* nonimmigrant and whether he is presently admissible to the United States for permanent residence.

His admission as a nonquota immigrant under section 4(e) of the Immigration Act of 1924 can properly be considered an admission as a nonimmigrant (*Matter of H——*, 6 I. & N. Dec. 458). He has clearly established that, at time of entry, it was his intention to return to Czechoslovakia. Consequently, he was a *bona fide* nonimmigrant at time of entry. However, he was inadmissible at that time under the provisions of section 1(2)(C) of the Act of October 16, 1918, as amended by the Act of June 28, 1940, by reason of his prior membership in the Communist Party of Czechoslovakia. There is no indication that the applicant's failure to disclose his prior membership when applying for a visa was willful. The ground of inadmissibility then existing may be waived by the exercise, *nunc pro tunc*, of the discretionary authority contained in section 212(d)(3) of the Immigration and Nationality Act (*Matter of M——*,

A–10256535, Interim Decision No. 990). In view of the meritorious factors in this case, this relief will be granted. Therefore, his admission on December 10, 1947, is found to be a lawful admission as a *bona fide* nonimmigrant.

The next issue to be considered is whether the applicant can qualify for status as a defector under the provisions of section 212(a) (28) (I) (ii) of the 1952 act, thereby removing the present ground of inadmissibility under section 212(a) (28) (C) of the act. To be eligible for such status the applicant must establish that he is, and has been for at least the past five years, actively opposed to the doctrines, programs, principles, and ideology of the Communist Party, and it must be found that his admission into the United States would be in the public interest.

Throughout the proceedings before this Service, subsequent to entry, the applicant has freely admitted that he voluntarily joined the Communist Party of Czechoslovakia about February 1946; that he paid dues and held a Party card; and that he terminated his membership about December 1946. He has maintained, however, that he has never believed in Communism. His testimony is to the effect that he was a member of the Central Planning Commission in Prague; that in 1943 President Benes had signed a pact with Russia; that following World War II Czechoslovakia was left in the sphere of Russia; that in 1946 the Communist Party was one of a number of parties represented in the coalition government; that the Communist Party of Czechoslovakia was then a nationalist party; that the people were led to believe that this Communist Party was a democratic party and would accomplish reforms by peaceful methods; that he believed Czechoslovakia, a highly developed country, could proceed towards socialism in a peaceful way; and that he further believed that by joining the Party, he could best influence the future of the country. There was included in the deportation record "Special Report No. 8 of the Select Committee on Communist Aggression, House of Representatives, Communist Takeover and Occupation of Czechoslovakia," which tends to lend credence to subject's testimony.

The applicant has testified that even before he left the Communist Party in December 1946, he was openly critical of the program of the Party; that he wrote critical articles for which he was termed a traitor by the Secretariat of the Party; and that his divergent views led to his break with the Party. He states that immediately following the Communist coup in his home country, he gave intelligence information to officials of the United States. In March 1948, he placed himself at the disposal of the former Czechoslovakian Ambassador to the United States, a representative of "true democratic Czechoslovakia." With his present application he presents, among other supporting documents:

304

1. Copy of series of lectures he delivered at Wichita University entitled "Method of Social Service" which concluded with his statements that Christian culture is at stake, that America is the last stronghold of Western civilization and that time is running short.

2. Copy of a speech he delivered to a religious council at Wichita University on January 17, 1950, on the subject, "How Can Christianity Combat Communism?"

3. Copy of the Summer 1955 issue of "Faith and Freedom, A Journal of Progressive Religion," published at Manchester College, Oxford, England, containing his article on "Ethics in a Business Society."

4. Notes of a commencement speech he delivered at Lenox School, Lenox, Massachusetts, in June 1957, in which he warned of the conflict between the East and the West, and the possibility of a knockout blow to civilization.

The applicant has stated that he has not been successful in having articles published in the United States. He testified, however, that whenever the opportunity arises, in his daily contacts, classrooms, lectures and speeches, he speaks against Communism. In January 1959, he spoke to a group at the local Methodist church, comparing Christmas in the West with the "no-Christ" Christmas in present-day Russia. He has appeared recently on WAGM-TV, Presque Isle, Maine, on a panel discussion of the "International Look at Comparative Educational Systems" and this panel discussion was repeated in four nearby communities.

The records of the various immigration proceedings present a comprehensive record of the subject's activities in the United States since his arrival in 1947. Police reports from all places in which he has lived, and current national agency checks are negative. Independent character investigations conducted in 1949 and 1951 indicated he was definitely anti-Communist and developed no derogatory information.

The applicant completed a four-year course in law at Charles University in Prague in 1923 and continued his studies in philosophy at that university, except for one year at the University of Sorbonne, completing the academic work for his Ph. D. degree in 1927. The Service, in approving the visa petition, determined that his services were urgently needed in the United States because of his high education and experience and would "be substantially beneficial prospectively to the national economy, cultural interests, or welfare of the United States." Clearly, his admission would be in the public interest.

It is concluded that the applicant has satisfactorily established his present eligibility for status as a defector under section 212(a) (28) (I) (ii) of the act.

**Order:** It is ordered that the ground of exclusion under section 1(2) (C) of the Act of October 16, 1918, as amended by the Act of June 28, 1940, existing at the time of the applicant's admission at the port of New York on December 10, 1947, be waived *nunc pro*

*tunc* under section 212(d)(3) of the Immigration and Nationality Act.

*It is further ordered* that the application for status as a defector pursuant to section 212(a)(28)(I)(ii) of the Immigration and Nationality Act be granted.

*It is further ordered* that the application for status as a permanent resident be granted.