MATTER OF M——

In SECTION 245 Proceedings

A-10256535

*Decided by Regional Commissioner March 5, 1959*
*Approved by Assistant Commissioner March 20, 1959*

Adjustment of status—Section 245, Immigration and Nationality Act—Eligibility may be acquired with waivers of excludability under section 212(d)(3) of the 1952 act and under section 5, Act of September 11, 1957.

Applicant for adjustment of status under section 245 of the Immigration and Nationality Act is granted waivers of excludability (conviction for crime) under section 212(d)(3) of the 1952 act *nunc pro tunc* to cure defective entry as nonimmigrant and under section 5 of the Act of September 11, 1957, to overcome present inadmissibility to the United States.

APPLICATION: Waiver under section 5 of Act of September 11, 1957, of excludability under section 212(a)(9) of the Immigration and Nationality Act, in connection with application for adjustment of status under section 245 of the 1952 act, as amended.

BEFORE THE REGIONAL COMMISSIONER

**Discussion:** The applicant is a male native and citizen of Italy, born at Sassari, Sardinia, Italy, on March 22, 1918. He was married in Brooklyn, New York, on September 12, 1951, to A——S——, a United States citizen by birth.

Neither the applicant nor his wife were previously married. Satisfactory documentary evidence of marriage and of the citizenship status of the applicant's spouse has been submitted to permit approval of the visa petition filed by the wife in conjunction with the applicant's petition for adjustment of status under section 245 of the Immigration and Nationality Act.

Applicant arrived in the United States at San Francisco, California, on May 24, 1948, as a crew member of the SS. *OVERO* and was admitted for shore leave under section 3(5). Although he testified that he intended to reship on another vessel, the applicant has remained in the United States since that date without permission.

The record establishes that between November 20, 1937, and August 4, 1943, the applicant was in trouble with the police in the

285

city of Genoa on 15 different occasions. Most of the incidents concerned abusive peddling, peddling without a license, gambling, or other statutory peddling offenses. Only two of the incidents warranted consideration as crimes involving moral turpitude. After careful consideration, the special inquiry officer determined on November 7, 1955, that only one, a conviction on January 10, 1938, by the Tribunal of Genoa for the crime of aggravated theft, was a conviction for a crime involving moral turpitude. The Tribunal sentenced the applicant to imprisonment for 2 years and a fine of 1400 lire. Upon appeal, the sentence was reduced to 8 months. As held by the special inquiry officer, however, the modification by the court of appeals did not alter the crime from being one involving moral turpitude under section 212(a)(9) of the Immigration and Nationality Act. On February 13, 1956, the Board of Immigration Appeals upheld this determination and further determined the offense could not be considered as a misdemeanor classifiable as a petty offense under the provisions of the Act of September 3, 1954.

The applicant's testimony that he has no criminal record since August 4, 1943, is not contradicted by the record. He further testified that he has never committed any other act or offense which might render him inadmissible to the United States. Investigations by this Service and testimony by witnesses have been favorable to the applicant. He is held in high esteem by his neighbors.

Since June 1952, the applicant has been continuously employed as a waiter for the Vesuvio Restaurant, 163 West 48th Street, New York, New York, earning approximately $60 per week.

Since September 12, 1951, the applicant has continuously resided with his wife and has been her sole support. He has been faithful to her through many serious illnesses requiring major operations. The applicant's wife has now become a semi-invalid due to the sufferings of arthritis and is now completely dependent on him for support. In addition to his loyalty to his wife, the applicant has been contributing to the support of his retired father-in-law and his invalid mother-in-law. It is evident, therefore, that the applicant's exclusion would result in extreme hardship to his citizen spouse.

In order to be eligible for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, the applicant must, among other requirements, have been admitted to the United States as a *bona fide* nonimmigrant, and be presently admissible to the United States. The applicant at the time of his last admission was excludable under section 3 of the Immigration Act of 1917 because of his conviction for theft. This admission may be found to be that of a *bona fide* nonimmigrant only if the ground of inadmissibility then existing is removed. The authority to admit a

nonimmigrant alien who is inadmissible under the immigration laws is found in section 212(d)(3) of the Immigration and Nationality Act. In view of the appealing factors in this case, the relief provided by section 212(d)(3) will be granted *nunc pro tunc* and the admission found to be that of a *bona fide* nonimmigrant.

Although the applicant is presently excludable under section 212(a)(9) of the Immigration and Nationality Act, he has the necessary requisites for admission under section 5 of the Act of September 11, 1957. He is the spouse of a United States citizen and is otherwise admissible except under section 212(a)(9); his exclusion would result in extreme hardship to his citizen spouse; and his admission would not be contrary to the national welfare, safety, or security of the United States.

The applicant clearly falls within the class of aliens for whom relief under section 5 of the Act of September 11, 1957, is provided. The authority for exercising this discretion in the instant application is contained in 8 CFR 245.1 and since the applicant is otherwise eligible under section 245, the waiver under section 5 will be granted.

**Order:** It is ordered that the ground of exclusion under section 3 of the 1917 act existing at the time of the applicant's last admission on May 24, 1948, at San Francisco, California, be waived *nunc pro tunc* under section 212(d)(3) of the Immigration and Nationality Act.

*It is further ordered* that the waiver of excludability under section 212(a)(9) of the Immigration and Nationality Act be and is hereby granted pursuant to the authority contained in section 5 of the Act of September 11, 1957, provided that the waiver shall apply only to the ground for exclusion described herein.

*It is further ordered* that the instant application under section 245 be approved.