## MATTER OF LI

### In Deportation Proceedings

### A-1589247

*Decided by Board November 20, 1975*

Respondent's deportability under section 241(a)(1) of the Immigration and Nationality Act as one excludable at entry because previously deported and not granted permission to reapply is established by clear, convincing and unequivocal evidence where the record contains a warrant of deportation and a Form I-294 (Notice of Country to which Deportation Has Been Directed and Penalty for Reentry Without Permission) both issued in 1968 to an alien with the same name as that of respondent, and respondent, after stating his name, refused to testify, and has offered no evidence to show that he had been granted the requisite permission to reapply prior to his reentry into this country.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—previously deported—no permission to reapply after deportation

ON BEHALF OF RESPONDENT:
Robert Foley, Esquire
4002 W. Underwood Street
Chevy Chase, Maryland 20015

Counsel of record:
Joseph F. O'Neal, Esquire
100 State Street
Boston, Massachusetts 02109

ON BEHALF OF SERVICE:
John Midanek
Appellate Trial Attorney

In a decision dated May 14, 1975, the immigration judge found the respondent deportable as charged, denied his application for voluntary departure, and ordered his deportation to Hong Kong. The respondent has appealed from that decision. The appeal will be dismissed.

Deportation proceedings were instituted against the respondent under section 241(a)(1) of the Immigration and Nationality Act as an alien who, having been previously deported, entered without permission and thereby became excludable at entry. After stating his name and indicating that he understood the charge being brought against him, the respondent refused to testify as to his deportability. Counsel for the respondent contends that the order of deportation is based upon evi-

dence obtained as the result of an illegal interrogation and arrest and, therefore, is invalid.

Although evidence actually seized during an arrest may be suppressed in a criminal proceeding, the mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding. *U.S. ex rel. Bilokumsky* v. *Tod*, 263 U.S. 149 (1923); *Guzman-Flores* v. *INS*, 496 F.2d 1245 (C.A. 7, 1974); *La Franca* v. *INS*, 413 F.2d 686 (C.A. 2, 1969). Inasmuch as we will limit our consideration to that evidence which was in the possession of the Service prior to the apprehension of the respondent, we need not discuss the legality of the respondent's arrest. See *Matter of Yau*, 14 I. & N. Dec. 630 (BIA 1974).

The record before us contains a Warrant of Deportation and a Form I-294 (Notice of Country to which Deportation Has Been Directed and Penalty for Reentry Without Permission), both issued in 1968 to an alien with the same name as that of the respondent. From the identity of names and the respondent's failure to show otherwise, we may infer that these documents relate to the respondent and establish that he was previously deported from the United States. See *Vlisidis* v. *Holland*, 245 F.2d 812 (C.A. 3, 1957); *Williams* v. *Mulcahey*, 250 F.2d 127 (C.A. 6, 1957); *Matter of Cheung*, 13 I. & N. Dec. 794 (BIA 1971). The respondent thereafter reentered the United States. The burden is upon the respondent to show that he had received permission to reenter as required by section 212(a)(17) of the Act. *Solis-Davila* v. *INS*, 456 F.2d 424 (C.A. 5, 1972). The respondent refused to answer when questioned on this issue at the hearing and has offered no evidence to show that the requisite permission had been obtained prior to his reentry. We conclude that his deportability has been established by clear, convincing and unequivocal evidence.

The respondent also refused to answer certain questions pertaining to his application for voluntary departure, and, as a consequence, the immigration judge denied the application. We agree with the immigration judge's conclusion that the respondent's silence prevented a full examination of his statutory eligibility for the relief of voluntary departure. Furthermore, after a complete review of the record, we agree that the respondent has not shown that he merits a favorable exercise of discretion. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.