# MATTER OF FUEYO

## In Deportation Proceedings

### A-19687475

### *Decided by Board July 5, 1989*

(1) Evidence that the respondent was taken into custody and deported by the Immigration and Naturalization Service establishes that she was "arrested and deported" within the meaning of section 212(a)(17) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(17) (1982).

(2) The burden is on the respondent to prove that, following her deportation, she applied for and received consent to reapply for admission to the United States from the Attorney General or his designate.

(3) A nonimmigrant waiver of inadmissibility under section 212(d)(3)(B) of the Act may not be granted nunc pro tunc in deportation proceedings. *Matter of P-*, 8 I&N Dec. 302 (Asst. Comm. 1959); and *Matter of M-*, 8 I&N Dec. 285 (R.C., Asst. Comm. 1959), superseded.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1) [8 U.S.C. § 1251(a)(1)]—Excludable at entry under section 212(a)(17) [8 U.S.C. § 1182(a)(17)]—No permission to reapply after deportation

ON BEHALF OF RESPONDENT:  
Pro se

ON BEHALF OF SERVICE:  
Lolita Semidey  
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated March 26, 1985, an immigration judge found the respondent deportable as charged and denied her renewed application for a waiver of inadmissibility under section 212(d)(3)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(3)(B) (1982). The respondent was granted the privilege of voluntary departure in lieu of deportation. Subsequent to filing her Notice of Appeal (Form I-290A), the respondent filed a motion requesting oral argument before the Board. The request for oral argument is denied. The appeal will be dismissed.

The respondent is a 56-year-old native and citizen of Spain. She was deported from the United States on May 3, 1983. On January 13,

1985, she was admitted to the United States as a nonimmigrant visitor authorized to remain in this country until July 12, 1985. However, on January 25, 1985, an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) was issued against her when it was discovered that she had entered the United States within 5 years of her 1983 deportation without first obtaining permission to reapply for admission after deportation. Because of these actions, she was charged with deportability under section 241(a)(1) of the Act, 8 U.S.C. § 1251(a)(1) (1982), as one excludable at entry under section 212(a)(17) of the Act.

At a deportation hearing on February 25, 1985, the respondent stated that she believed she had to remain outside the United States for only 1 year following her deportation, not 5 years. However, she also stated that she was told she could not be given permission to return to the United States for 15 years. The respondent stated that she had to come to the United States because of judicial proceedings pending here. The immigration judge suggested that the respondent apply to the district director for a nonimmigrant visa waiver and informed her that if the district director denied the waiver she could renew her application for it before him.

The respondent immediately filed a Form I-192 (Application for Advance Permission to Enter as Nonimmigrant). This application was denied by the district director on February 26, 1985. An appeal to this Board was dismissed on October 9, 1985. Following the district director's denial (but prior to the Board's dismissal of the appeal from the denial), the respondent renewed her application for a section 212(d)(3)(B) waiver in deportation proceedings before the immigration judge. The immigration judge also denied the waiver and this appeal followed.

The respondent, who is unrepresented, has filed a lengthy brief on appeal which raises a number of issues. Much of her brief discusses in detail her considerable efforts to avoid deportation from 1977 to 1983. The pertinent portions of her brief allege that she was not "arrested and deported" in 1983, that she was not deportable as charged, and that her application for a section 212(d)(3)(B) waiver should have been granted.

Evidence provided at the hearing by the Immigration and Naturalization Service establishes that the respondent was taken into custody and deported from the United States on May 3, 1983. This evidence proves that the respondent was "arrested and deported." *See Solis-Davila v. INS*, 456 F.2d 424 (5th Cir. 1972). Having been deported, she could not reenter the United States within 5 years without specifically applying for and receiving the consent of the Attorney General or his

designate.[1] Section 212(a)(17) of the Act; 8 C.F.R. § 212.2 (1983). The burden is on the respondent to establish that she received such consent. *See Solis-Davila v. INS, supra; Matter of Li,* 15 I&N Dec. 514 (BIA 1975). In her brief the respondent cites cases for the apparent proposition that the Service must prove that she had the specific intent to reenter the United States in violation of law. The cases cited[2] all involved aliens charged with the felony crime of being in the United States following deportation without having first obtained the express consent of the Attorney General or his designate. *See* section 276 of the Act, 8 U.S.C. § 1326 (1982). These criminal cases have no relevance to the deportation charge against this respondent. The respondent has provided no evidence to show that she had the consent of the Attorney General or his designate to reenter the United States following her 1983 deportation. Indeed, the record reflects that in 1984, the respondent did attempt to file an application to obtain such consent, but the application apparently was not accepted and certainly was not approved. Moreover, at the hearing the Service provided a certified document stating that a search of Service records had been made to ascertain whether such an application had been filed or granted, and no application was found. The respondent was properly found deportable under the charge brought.

The immigration judge also properly denied the respondent's application for a nonimmigrant waiver under section 212(d)(3)(B) of the Act. As we stated in our decision dismissing the respondent's appeal from the district director's denial of that waiver, the relief sought cannot be granted nunc pro tunc. The respondent is in deportation proceedings, having already entered the United States, and the waiver cannot be granted in deportation proceedings. Section 212(d)(3)(B) of the Act provides in pertinent part that an alien

who is inadmissible under one or more of the paragraphs enumerated in subsection (a) ... but who is in possession of appropriate documents or is granted a waiver thereof and is seeking admission, may be admitted into the United States temporarily as a nonimmigrant in the discretion of the Attorney General.

---

[1] The respondent has stated that because she waited for more than 1 year after her deportation before returning to this country, she did not need permission to reapply for admission. The respondent is mistaking the situation of an alien who, not having entered the United States, is excluded and deported from the United States. Such an excluded alien may not again seek admission within 1 year without the permission of the Attorney General or his designate. Section 212(a)(16) of the Act. The case of an alien like the respondent, who had entered the United States and is deported, is covered by section 212(a)(17).

[2] *United States v. Newton,* 677 F.2d 16 (2d Cir. 1982); *United States v. Hussein,* 675 F.2d 114 (6th Cir. 1982); and *Pena- Cabanillas v. United States,* 394 F.2d 785 (9th Cir. 1968).

Federal regulations at 8 C.F.R. § 212.4(b) (1988) provide that

> an application for the exercise of discretion under section 212(d)(3)(B) of the Act
> shall be submitted on Form I-192 to the district director in charge of the applicant's
> intended port of entry prior to the applicant's arrival in the United States.... If the
> application is made at the time of the applicant's arrival to the district director at a
> port of entry, the applicant shall establish that he was not aware of the ground of
> inadmissibility and that it could not have been ascertained by the exercise of
> reasonable diligence ....

The regulations further provide that if an application is denied, it may be renewed "in the course of proceedings before [an immigration judge] under sections 235 and 236 of the Act and this chapter." *Id.* By its very nature, the relief sought can only confer advance permission for a future entry, and the statute and regulations make no provision for this waiver to be granted retroactively.[3] Compare 8 C.F.R. § 212.2(i) (1988), which explicitly authorizes retroactive approval of an application for permission to reapply for admission after deportation.

Since the respondent has entered the United States, she is not eligible for a section 212(d)(3)(B) waiver, and we will therefore not address the question whether she would merit the waiver in the exercise of discretion.

The respondent has also argued in her brief that she should be granted nunc pro tunc permission to reapply for admission to the United States after deportation. The respondent has not actually applied for such permission, and we will not speculate on the merits of any such potential application.

For the reasons discussed above, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[3]We note that although the immigration judge concluded, as we have, that a section 212(d)(3)(B) waiver cannot be granted nunc pro tunc in deportation proceedings, he did cite two 1959 cases that suggest the contrary. In *Matter of P-*, 8 I&N Dec. 302 (Asst. Comm. 1959), and *Matter of M-*, 8 I&N Dec. 285 (R.C., Asst. Comm. 1959), section 212(d)(3) waivers were granted in conjunction with the aliens' applications for adjustment of status. No authority for doing this was cited in the cases. Those cases, which were decided not by this Board but by the Assistant Commissioner for the Immigration and Naturalization Service, are not binding on us. We further note that prior to January 8, 1958, the regulations did not so specifically limit section 212(d)(3)(B) waivers to aliens seeking admission, and it is possible that the Assistant Commissioner was not fully aware of the significant changes in the pertinent regulations when his decisions were issued.

## MATTER OF RODRIGUEZ-ESTEBAN

In Deportation Proceedings

A-18234358

*Decided by Board July 13, 1989*

The immigration judge and this Board lack jurisdiction in deportation proceedings to reconsider the order of the district director made in rescission proceedings. *Matter of Saunders,* 16 I&N Dec. 326 (BIA 1977), modified.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of narcotics violation

ON BEHALF OF RESPONDENT:  
Stephen E. Mander, Esquire  
2121 Ponce De Leon Boulevard  
Suite 711  
Coral Gables, Florida 33134

ON BEHALF OF SERVICE:  
Scott Dunn  
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated April 8, 1986, the immigration judge terminated deportation proceedings in the respondent's case. The Immigration and Naturalization Service has appealed from that decision. Because there is an issue concerning the propriety of the filing of the appeal, we will accept jurisdiction by certification pursuant to 8 C.F.R. § 3.1(c) (1988). The appeal will be dismissed.

The respondent is a 33-year-old native and citizen of Colombia. He first entered the United States as a nonimmigrant visitor in 1968 and has remained here since that time. On April 12, 1978, his status was adjusted to that of lawful permanent resident pursuant to section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (1982). On June 26, 1978, the respondent was convicted in the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County, Florida, for the possession and sale or delivery of a controlled substance, to wit: cocaine, in violation of Florida Statutes section

893.13, as well as for conspiracy to sell or deliver the same. On July 23, 1980, a Notice of Intent to Rescind the respondent's lawful permanent resident status was issued and, in a decision dated July 1, 1983, the district director rescinded the respondent's status. This decision was personally served on the respondent on April 25, 1985. On that date, an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) was also issued in the respondent's case, alleging that he was deportable as a nonimmigrant who remained longer than permitted in violation of section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2) (1982), as a result of the rescission of his permanent resident status, and alleging that he was deportable under section 241(a)(11) of the Act as a result of his criminal conviction.

At the respondent's deportation hearing, the Service submitted the June 26, 1978, record of conviction, the Notice of Intent to Rescind, and the rescission order in the respondent's case, along with the last extension of his nonimmigrant status which reflects that he was authorized to remain in student status until November 25, 1970. In rebuttal the respondent maintained that his attorney, in correspondence dated August 18, 1980, disputed the allegations in the Notice of Intent to Rescind and requested a hearing before an immigration judge in that matter. He also submitted an affidavit from the attorney who assisted the respondent's counsel in the rescission case. In this affidavit, the attorney avers that such response was timely mailed to the Service. On this basis, the respondent maintains that the district director's decision rescinding his permanent resident status was invalid for lack of jurisdiction pursuant to 8 C.F.R. § 246.3 (1980), that he remains in lawful status, and that he is eligible for relief from deportation pursuant to section 212(c) of the Act, 8 U.S.C. § 1182(c) (1982). At his deportation hearing, the respondent also disclosed that on January 15, 1986, he filed a motion to reopen rescission proceedings with the district director. With this motion, the respondent included documentation indicating that he timely filed an answer denying the allegations contained in the Notice of Intent to Rescind and that he requested a rescission hearing before an immigration judge. In correspondence dated January 30, 1986, the district director responded to the respondent's motion in an ambiguous manner, stating that the Service had no record of the respondent's response to the Notice of Intent to Rescind and that the respondent's motion should be addressed to the immigration judge. In rebuttal, at the deportation hearing the Service offered a certificate of nonrecord stating that a search of its records did not show that the respondent requested a rescission hearing.

In his consideration of the respondent's case, the immigration judge found that rescission of the respondent's permanent resident status

was invalid because the Service had not demonstrated that the respondent was personally served with the Notice of Intent to Rescind pursuant to 8 C.F.R. § 246.1 (1980). On appeal, the Service asserts that the respondent conceded he was served with the Notice of Intent to Rescind and that rescission of the respondent's permanent resident status was proper. The respondent maintains on appeal that, pursuant to *Matter of Saunders*, 16 I&N Dec. 326 (BIA 1977), termination of the deportation proceedings is correct. In *Matter of Saunders*, the Board ordered deportation proceedings terminated where the respondent had his permanent resident status rescinded by the district director in a procedure where the notice instituting those rescission proceedings was inadequate under 8 C.F.R. § 246.1 (1974) and did not give the respondent an opportunity to be heard.

Based upon our review of the record, we find that the immigration judge lacked jurisdiction in deportation proceedings to reconsider the district director's rescission order. We note that 8 C.F.R. § 246 (1988) nowhere provides for consideration by the immigration judge of such decisions of the district director and that enumeration of the Board's appellate jurisdiction does not include consideration of the district director's decision in rescission matters. *See* 8 C.F.R. §§ 3.1(b)(8) (according the Board appellate jurisdiction concerning decisions of the immigration judge in rescission proceedings), 246.2 (1988). To the extent that *Matter of Saunders, supra*, implies that the immigration judge or this Board has jurisdiction over the district director's decision in rescission matters, we withdraw from its holding.

The record reflects, however, that the respondent filed a motion to reopen rescission proceedings with the district director. Such motion was properly addressed to the district director, who erroneously referred this matter to the immigration judge. *See* 8 C.F.R. § 103.5 (1986); *see also Matter of Volos*, 12 I&N Dec. 44 (BIA 1967). On this basis we will leave the immigration judge's decision to terminate the deportation proceedings in effect in order to afford the district director a further opportunity to adjudicate the respondent's motion to reopen rescission proceedings. When the issues involving the rescission proceeding are resolved, deportation proceedings can be reinstituted if appropriate.

**ORDER:**    The appeal is dismissed.