[No. 34605.   Department Two.   February 5, 1959.]

ZALES BEN TIPP, INC., *Appellant*, v. CLERICAL WORKERS UNION *et al.*, *Respondents*.[1]

*Monheimer, Schermer & Mifflin,* for appellant.

*Bassett, Davies & Roberts (Richard P. Donaldson,* of counsel), for respondents.

WEAVER, C. J.—This is an appeal from a judgment dissolving a temporary injunction against picketing and dismissing appellant's action with prejudice. Pursuant to Rule on Appeal 24, 34A Wn. (2d) 27, the temporary injunction was continued in force pending appeal.

[1]Reported in 335 P. (2d) 42.

Appellant, a Washington corporation, operates a retail jewelry store in Seattle that is one of a nation-wide chain of seventy-four. It is owned and controlled by Zales Jewelry Company of Dallas, Texas. Appellant annually purchases goods valued in excess of one hundred thousand dollars from sources outside the state of Washington for sale within the state.

At the time respondent union commenced picketing appellant's store, none of appellant's clerical employees was a bona fide member of the respondent union; a labor dispute did not exist; no effort had been made to persuade appellant's clerical workers to join the respondent union. The trial court found that

"The sole and only purpose of said picketing is to coerce petitioner [appellant] to coerce its employees to join the respondent labor union."

The trial court concluded it did not have jurisdiction and dismissed the action because it determined that appellant is

". . . engaged in an industry affecting commerce as that term is defined in the Labor Management Relations Act, 61 Stat. 136 (1947) as amended, 29 U. S. C., Secs. 141-187.",

and the subject matter of this action is governed by the terms of the same act.

In *Stoddard-Wendle Motor Co. v. Automotive Machinist Lodge 942, International Ass'n of Machinists*, 48 Wn. (2d) 519, 524, 295 P. (2d) 305 (1956), a case with a strikingly similar factual situation, this court said:

"A state court does not have jurisdiction to enjoin peaceful picketing to induce unionization of the employees of an *inter*-state employer, since such activity presents the question of an unfair labor practice within the meaning of the terms of the labor management relations act, which, initially at least, gives the national labor relations board exclusive jurisdiction."

In the *Stoddard-Wendle* case, *supra*, the annual out-of-state *sales* exceeded one hundred thousand dollars; in the instant case, the annual out-of-state *purchases* exceeded

one hundred thousand dollars. The possibility of this difference being a distinguishing factor was foreclosed by *Amalgamated Meat Cutters & Butcher Workmen of North America, Local No. 427 AFL v. Fairlawn Meats, Inc.*, 353 U. S. 20, 22, 1 L. Ed. (2d) 613, 77 S. Ct. 604 (1957), wherein the court said:

"We do not agree that respondent's interstate purchases [in excess of one hundred thousand dollars] were so negligible that its business cannot be said to affect interstate commerce within the meaning of § 2 (7) of the National Labor Relations Act.[3] [Fn. 3 61 Stat. 138, 29 U. S. C. § 152 (7).]"

We conclude, therefore, that the *Stoddard-Wendle* case, *supra*, is dispositive of the case before us.

The judgment is affirmed.

DONWORTH, ROSELLINI, and OTT, JJ., concur.

HILL, J. (concurring)—*The Fairlawn Meats, Inc.*, case, cited in the majority opinion, compels a reluctant concurrence. The result is that the business of every retail store that buys any substantial amount of merchandise outside of the state is engaged in a business that affects interstate commerce within the meaning of § 2 (7) of the National Labor Relations Act.