MATTER OF SMITH

In Section 212(c) Proceedings

A-10005876

*Decided by Board October 8, 1965*

An alien's application for a section 212(c) waiver can be considered by a special inquiry officer in conjunction with an application for adjustment of status under section 245, Immigration and Nationality Act, as amended, in deportation proceedings.

The applicant, a native of England, a citizen of Great Britain, appeals from the denial of an application for advance permission to return to an unrelinquished domicile pursuant to a waiver under section 212(c) of the Immigration and Nationality Act (8 U.S.C. 1182(c)). Counsel on appeal urges that the action taken by the District Director at New York is an abuse of discretion. He also urges a remand of the case to the District Director in light of additional evidence alleged to be material to the issue before us.

The applicant, a male alien 34 years of age, last entered the United States through the port of Buffalo, New York on June 19, 1956. He was admitted for permanent residence upon presentation of an immigration visa issued at Toronto, Canada on June 13, 1956.

An order to show cause in deportation proceedings was issued by the Assistant District Director at New York on March 1, 1962. It charges that the applicant is deportable under section 241(a)(4) of the Immigration and Nationality Act as an alien who after entry has been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. The charge is based upon a showing that the applicant was convicted in the Felony Court of Manhattan, New York on January 28, 1960 for the offense of disorderly conduct in violation of section .722, subdivision 8, of the New York Penal Code. The applicant was again convicted in the Felony Court of Manhattan, New York on February 6, 1962 for a violation of the same statute.

During the course of the hearing (p. 27) accorded the applicant in deportation proceedings on December 8, 1964, his then counsel

submitted an application for adjustment of status under section 245 of the Immigration and Nationality Act (8 U.S.C. 1255) pursuant to a decision by the Court of Appeals for the Second Circuit in the case of *Hans Werner Tibke* v. *Immigration and Naturalization Service.*[1] It was also stated for the record that the applicant would apply for an exercise of the discretion contained in section 212(c) of the Immigration and Nationality Act in connection with his application for an adjustment of status under the provisions of section 245 (*supra*), (p. 28). The special inquiry officer adjourned the hearing without decision for the conduct of investigations by the Immigration Service in connection with the application for relief under section 245 of the Immigration and Nationality Act.

. An application for advance permission to return to an unrelinquished domicile pursuant to a waiver of the grounds of inadmissibility under section 212(c) of the Immigration and Nationality Act (*supra*) was received by the District Director at New York on January 29, 1965. The application states in substance that the applicant may be inadmissible by reason of his convictions in New York State on January 28, 1960 and February 6, 1962 for violation of subdivision 8 of section 722 of the Penal Code of New York (disorderly conduct) committed on January 28, 1960 and January 20, 1962 and that the Attorney General in his discretion, may not adjust his status under section 245 apparently for the reason that without the waiver he would be ineligible to receive an immigration visa and re-enter the United States. The District Director denied the application on the ground that the applicant does not warrant the favorable exercise of discretion in his case because of two criminal convictions within the past five years.

The Service maintains that counsel is attempting to use a deportation case as a vehicle for obtaining relief which is by statute limited to an exclusion proceeding. It is their position that a waiver under section 212(c) of the Immigration and Nationality Act is not available to an applicant for a change of status under section 245 of the Immigration and Nationality Act because such an applicant is not an alien previously lawfully admitted who temporarily proceeds abroad voluntarily and not under an order of deportation and who is returning to a lawful unrelinquished domicle of seven consecutive years.

An applicant for adjustment of status under section 245 stands in

---

[1] 335 F.2d 42; July 9, 1964. The *Tibke* case holds in substance that section 245 is not limited to aliens who entered as nonimmigrants (other than alien crewmen), and that aliens who entered as immigrants for permanent residence may apply for relief thereunder.

the same position as an applicant who seeks to enter the United States with an immigration visa for permanent residence. Such an applicant must under the regulations submit to all of the tests as if he were an applicant at a port of entry (8 CFR 245.5). Since this respondent, as an applicant for relief under section 245, is subject to all of the exclusion provisions of section 212(a), we find no valid reason for denying him the benefits of section 212(c) on the technical ground that he is not returning to the United States after a voluntary departure. Such a conclusion is not required by the statute and would ignore substance for procedure. In fact, there is a provision in 8 CFR 212.3 which permits an application for relief under section 212(c) to be adjudicated in a deportation proceeding.

The Notice of Appeal submitted by respondent's original counsel urges error in that the special inquiry officer improperly refused to consider the applicant's application for advance permission to return to an unrelinquished domicile in conjunction with the applicant's application for an adjustment of status under section 245 (*supra*). Counsel now of record has submitted evidence to this Board that the applicant is now married to an alleged United States citizen. Counsel maintains that this evidence warrants remanding the case to the New York District. It is not clear whether counsel refers to a remand to the District Director at New York or to the special inquiry officer who held the hearing in deportation proceedings on December 8, 1964.

The proper procedure in a deportation case in which an alien applies for a waiver of a ground of inadmissibility in connection with an application for an adjustment of his immigration status pursuant to the provisions of section 245 of the Immigration and Nationality Act is for the special inquiry officer to fully consider and adjudicate the issue of deportability and the application for relief under section 245. It is also required that the special inquiry officer fully consider and adjudicate an application for a waiver under section 212(c) of the Immigration and Nationality Act (8 U.S.C. 1182(c)) in such a proceeding in light of the court's ruling in the *Tibke* case (*supra*). Accordingly, we will remand the record to the special inquiry officer for further consideration in accordance with the foregoing.

The respondent in this proceeding may also apply for relief under section 212(g) of the Immigration and Nationality Act (8 U.S.C. 1182(g)) to waive his present inadmissibility provided he is lawfully married to a United States citizen. *Matter of M—*, 8 I. & N. Dec. 285, Asst. Com., March 20, 1959. He should be permitted to pursue this administrative remedy in conjunction with his application for a change of status under section 245 if he so desires.

An appropriate order will be entered remanding the case to the special inquiry officer who after hearing and the reception of the additional evidence submitted by the respondent shall render a decision on the issues before him without prejudice to further appeal in the event the decision is unfavorable to the alien.

**ORDER:** It is directed that the case be remanded to the special inquiry officer for further action in accordance with the foregoing opinion.