MATTER OF ARIAS-URIBE

In Deportation Proceedings

A-8760789

*Decided by Board April 30, 1971*

Where an application for relief under section 212(c) of the Immigration and Nationality Act is not coupled with an application for adjustment of status under section 245 of the Act, the applicant must meet the statutory requirement that he be returning to resume a lawful unrelinquished domicile of seven consecutive years following a temporary voluntary departure not under an order of deportation. Hence, respondent, a native and citizen of Mexico, whose deportability is predicated on his 1969 narcotics conviction and whose only departure from this country since his 1954 admission for permanent residence was in 1958 or 1959, is ineligible for section 212(c) relief since he is not an alien returning to resume a lawful unrelinquished domicile.

[*Matter of S—*, 6 I. & N. Dec. 392; *Matter of G—A—*, 7 I. & N. Dec. 274; and *Matter of Smith*, 11 I. & N. Dec. 325, distinguished.]

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of law relating to the illicit possession of a narcotic drug, to wit, heroin (section 11500, California Health and Safety Code)

ON BEHALF OF RESPONDENT: William A. Herreras, Esquire,
Thorpe, Sullivan, Clinnin & Workman
940 East Santa Clara Street
Ventura, California 93001
(Brief filed)

The respondent, a native and citizen of Mexico, concedes that he is deportable under section 241(a)(11) of the Immigration and Nationality Act as an alien convicted for possession of heroin in violation of section 11500 of the California Health and Safety Code. His appeal is directed to the denial of an application for advance permission to return to an unrelinquished domicile of seven consecutive years pursuant to the provisions of section 212(c) of the Immigration and Nationality Act, 8 U.S.C. 1182(c).

The respondent, a married male alien, 23 years of age, was ad-

mitted to the United States for permanent residence on October 11, 1954. He was convicted in the Superior Court of the State of California for the County of Los Angeles for possession of heroin on January 13, 1969 and granted five years' probation on condition that he spend the first 90 days in jail. He was released from the county jail on April 15, 1969. He testified that his only departure from the United States since his original admission for permanent residence occurred in either 1958 or 1959.

The issue presented by the case is whether a lawful permanent resident for more than seven years, who was convicted of possession of heroin in the United States after entry and, therefore, deportable under section 241(a)(11) of the Immigration and Nationality Act, is statutorily eligible for discretionary relief under section 212(c) of the Act in a deportation proceeding. The special inquiry officer concludes that the respondent is not statutorily eligible for the relief requested because since his conviction he is not an alien returning to the United States to resume a lawful domicile of seven consecutive years as required by section 212(c) of the Act.

Counsel maintains that the respondent is statutorily eligible for relief from deportation pursuant to section 212(c) of the Act. Section 212(c) provides in substance that aliens lawfully admitted for permanent residence, who temporarily proceed abroad voluntarily and not under an order of deportation and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds for exclusion enumerated in section 212(a) of the Act, including an alien convicted of a narcotic violation as set forth in section 212(a)(23). Counsel argues that present administrative practice, as well as tacit Congressional approval, permits an alien in a deportation proceeding to seek relief under section 212(c), notwithstanding the language of the statue which limits the relief to an alien who "temporarily proceeded abroad voluntarily and not under an order of deportation, and who [is] returning to a lawfully unrelinquished domicile of seven consecutive years."

Counsel cites several reported decisions of this Board in support of his argument.[1] The cited cases are distinguishable from the case before us. Our grant of relief under section 212(c) in *Matter of S—* and Matter of G—A—, *supra*, footnote 1,

---

[1] *Matter of S—*, 6 I. & N. Dec. 392 (BIA, 1954, approved A.G. 1955); *Matter of G—A—*, 7 I. & N. Dec. 274 (BIA, 1956); *Matter of Smith*, 11 I. & N. Dec. 325 (BIA, 1965).

amounted to a *nunc pro tunc* correction of a record of entry to avoid deportation. The aliens in both cases were statutorily eligible for section 212(c) relief in that they had been lawfully admitted for permanent residence, their deportability stemmed from grounds of inadmissibility which arose prior to their voluntary, temporary departure not under an order of deportation and they were returning at the time of their last entry to an unrelinquished domicile of seven consecutive years. Our action in both cases was in accordance with long-established administrative practice which had its origin in an opinion by the Attorney General that relief under the 7th Proviso to section 3 of the 1917 Act, the predecessor of section 212(c), was available in deportation proceedings as well as exclusion proceedings, provided the alien came within the terms of the statute, *Matter of L—,* 1 I. & N. Dec. 1, 6 (A.G., 1940). The respondent in the instant case has had no entry preceded by a voluntary, temporary departure since he became deportable under section 241(a)(11) of the Act by reason of his conviction as a narcotic violator in January of 1969.

Counsel also maintains that the technical objection to the availability of section 212(c) relief, to wit, that the respondent as a lawful resident is not "returning to the United States" following a temporary, voluntary absence was overruled in *Matter of Smith,* 11 I. & N. Dec. 325 (BIA, 1965). We do not agree. The *Smith* case was concerned with an application for adjustment of status under section 245 of the Immigration and Nationality Act which was submitted during the deportation proceeding accorded him on December 8, 1964. The order to show cause charged deportability under section 241(a)(4) as an alien who, after entry, had been convicted of two crimes involving moral turpitude. It was stated for the record that the applicant would apply for an exercise of the discretion contained in section 212(c) in connection with his application for adjustment of status under section 245. The special inquiry officer adjourned the hearing without decision for the conduct of an investigation by the Immigration and Naturalization Service in connection with the alien's application for relief under section 245. The District Director denied the application for relief under section 212(c) on the ground that the applicant did not warrant the favorable exercise of discretion because of two criminal convictions within the past five years. The applicant appealed this decision to the Board of Immigration Appeals.

The notice of appeal in *Matter of Smith* urged error in that the special inquiry officer improperly refused to consider the appli-

cant's application for advance permission to return to an unrelinquished domicile in conjunction with his application for an adjustment of status under section 245 of the Act. The Service argued that counsel was attempting to use a deportation case as a vehicle for obtaining relief which is by statute limited to an exclusion proceeding. We held that the proper procedure in deportation case in which an alien applies for a waiver of a ground of inadmissibility under section 212(c) in connection with an application for adjustment of status pursuant to section 245 is for the special inquiry officer to fully consider and adjudicate both applications. We stated in our opinion at pages 326 and 327:

> An applicant for adjustment of status under section 245 stands in the same position as an applicant who seeks to enter the United States with an immigration visa for permanent residence. Such an applicant must . . . submit to all of the tests as if he were an applicant at a port of entry (8 CFR 245.5). Since this respondent, as an applicant for relief under section 245, is subject to all of the exclusion provisions of section 212(a), we find no valid reason for denying him the benefits of section 212(c) on the technical ground that he is not returning to the United States after a voluntary departure. Such a conclusion is not required by the statute and would ignore substance for procedure.

The respondent in the case before us, ɐ native of the Western Hemisphere, is not eligible for relief under section 245 of the Act. Unlike *Matter of Smith,* this respondent is not subject to the excluding provisions of section 212(a) in connection with an application for adjustment of status. The issue, therefore, is whether we have authority under the 1952 Act to grant the relief requested. There is no question but that we had such authority under the 7th Proviso to section 3 of the 1917 Act.[2] It is patent from a comparison of the provisions of the two statutes that section 212(c) of the 1952 Act limits the areas in which relief may be granted in two respects: (1) lawful admission for permanent residence became a specific requirement; and (2) the relief could no longer be given unless the alien left the United States voluntarily and not under an order of deportation (see Senate Report No. 1515, 81st. Cong. 2d Sess., at p. 384). Unlike the alien in *Matter of Smith,* this respondent does not stand in the same position as an applicant who seeks to enter the United States with an immigrant visa because he is not eligible for relief under section

---

[2] The 7th Proviso to section 3 of the Immigration Act of 1917 reads as follows: "That aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted in the discretion of the Attorney General, and under such conditions as he may prescribe."

245 of the Act. The requirement that an alien must have "temporarily proceeded abroad voluntarily and not under an order of deportation" makes it clear that Congress curtailed our authority for the advance exercise of section 212(c) relief in a deportation proceeding. Where a section 212(c) application is not coupled with an application for adjustment of status under section 245 of the Act, we have no basis for avoiding the statutory requirement that an alien lawfully admitted for permanent residence must be returning to resume a lawful domicile of seven consecutive years following a temporary, voluntary departure not under an order of deportation. The respondent cannot qualify under this requirement of the statute.

The respondent is married to a United States citizen and is the father of two minor citizen children. He has resided in the United States continuously since his lawful admission in 1954. He testified that his only departure since his original admission was in either 1958 or 1959. His deportation would undoubtedly cause great hardship to his citizen spouse and two minor children. The respondent is not eligible for discretionary relief under sections 244(a)(2) or (e). He does not qualify for relief under section 241(f). Our only alternative is to affirm the order of deportation entered by the special inquiry officer and dismiss the appeal.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.