MATTER OF SILVA

In Deportation Proceedings

A–8745827

*Decided by Board September 10, 1976*

(1) Respondent was convicted of possession of marihuana with intent to distribute in violation of 21 U.S.C. 841(a)(1); admitted to the factual allegations contained in the order to show cause and conceded deportability under section 241(a)(11) of the Immigration and Nationality Act.

(2) Under the provisions of section 212(c) of the Act (8 U.S.C. 1182(c)), a waiver of the ground of inadmissibility may be granted to a permanent resident alien in a deportation proceeding regardless of whether he departs the United States following the acts which render him deportable. The constitutional requirements of due process and equal protection of the laws mandate that no distinction shall be made between permanent resident aliens who proceed abroad and nondeparting permanent resident aliens who apply for the benefits of section 212(c) of the Act. See *Francis* v. *INS* 532 F.2d 268 (2 Cir. 1976).

(3) Permanent resident aliens similarly situated shall be treated equally with respect to their applications for discretionary relief under section 212(e) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted for violation of a law relating to marihuana

ON BEHALF OF RESPONDENT: Laurier B. McDonald, Esquire
Pena, McDonald, Prestia and Zipp
P. O. Box 54
Edinburg, Texas 78539

On July 8, 1974, the respondent was convicted in the United States District Court for the Southern District of Texas, Brownsville Division, of possession of marihuana with the intent to distribute, in violation of 21 U.S.C. 841(a)(1). He was sentenced to imprisonment for a period of five years, a special parole term of two years, and a $500 fine. He was ordered to serve six months of the imprisonment and the remainder of the sentence was suspended. Respondent was also placed on probation for five years.

At this hearing, respondent admitted to the factual allegations contained in the Order to Show Cause and conceded deportability under section 241(a)(11) of the Act. The immigration judge found the respondent deportable and ordered his deportation to Mexico.

On appeal, counsel contends that the respondent is eligible for advance waiver of inadmissibility under the provisions of section 212(c) of the Act. The record contains respondent's Application for Advance Permission to Return to Unrelinquished Domicile (Form I-191) filed March 13, 1975.

We find that respondent is a native and citizen of Mexico who has been a lawful permanent resident since September 17, 1954. His deportability resulted from a conviction of a marihuana violation. The record shows no evidence that he departed the United States following his marihuana conviction.

Section 212(c) of the Act provides that aliens lawfully admitted for permanent residence, who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds for exclusion enumerated in section 212(a) of the Act. The grounds specified include an alien convicted of a marihuana violation as set forth in section 212(a)(23) of the Act.

The issues presented by the case are whether the respondent is statutorily eligible for discretionary relief under section 212(c) of the Act in a deportation proceeding, and whether respondent's case merits a favorable exercise of discretion.

In a decision dated May 29, 1975, the immigration judge found the respondent deportable as charged, denied his application for advance permission to return to an unrelinquished domicile, and ordered him deported. The respondent has appealed from that decision. The appeal will be sustained.

The respondent is a 34-year-old married male alien, a native and citizen of Mexico. He was admitted to the United States as a permanent resident alien on September 17, 1954.

Under section 241(a)(11) of the Immigration and Nationality Act, an alien in the United States is deportable if, at any time after entry, he has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marijuana.

We have consistently held that a waiver of the ground of inadmissibility under section 212(c) of the Act may be granted *nunc pro tunc* in deportation proceedings, *Matter of Tanori*, Interim Decision 2467 (BIA 1976); *Matter of Edwards*, 10 I. & N. Dec. 506 (BIA 1963, 1964); *Matter of G—A—*, 7 I. & N. Dec. 274 (BIA 1956); *Matter of S—*, 6 I. & N. Dec. 392 (BIA 1954; A.G. 1955); *Matter of F—*, 6 I. & N. Dec. 537 (BIA 1955); *Matter of M—*, 5 I. & N. Dec. 598 (BIA 1954); *Matter of I—*, 1 I. & N. Dec. 1 (BIA, A.G. 1940). (Decided under predecessor statute.) In these cases we have interpreted section 212(c) of the Act to mean that a

waiver of the ground of inadmissibility may be granted in a deportation proceeding when, at the time of the alien's last entry, he was inadmissible because of the same facts which form the basis of his deportability, *Matter of G—A—, supra; Matter of S—, supra.*

It has been our view that a permanent resident alien is not statutorily eligible for relief from deportation pursuant to section 212(c) of the Act unless (1) his deportability resulted from a conviction which occurred *prior* to his departure from the United States; (2) his departure from the United States was voluntary and temporary and not under an order of deportation; and (3) that at the time of his last entry he was returning to an unrelinquished domicile of seven years.

In *Matter of Smith*, 11 I. & N. Dec. 325 (BIA 1965), we held that an alien's application for a section 212(c) waiver can be considered (by an immigration judge) in conjunction with an application for adjustment of status under section 245 of the Act in deportation proceedings. In *Matter of Arias-Uribe*, 13 I. & N. Dec. 696 (BIA 1971), affirmed 466 F.2d 1198 (9 Cir. 1972), we held that section 212(c) relief was not available to a native of the Western Hemisphere because he was ineligible for adjustment of status under section 245 of the Act. Under the facts of that case, the respondent, a native and citizen of Mexico who was lawfully admitted as a permanent resident alien in 1954, was found deportable on the basis of a 1969 narcotics conviction. The evidence revealed that he had not departed the United States since his conviction. In deciding that the respondent did not qualify for a waiver of the ground of inadmissibility under section 212(c) of the Act, we pointed out that:

> The requirement that an alien must have temporarily proceeded abroad voluntarily and not under an order of deportation makes it clear that Congress curtailed our authority for the advance exercise of section 212(c) relief in a deportation proceeding. Where a section 212(c) application is not coupled with an application for adjustment of status under section 245 of the Act, we have no basis for avoiding the statutory requirement that an alien lawfully admitted for permanent residence must be returning to resume a lawful domicile of seven consecutive years following a temporary, voluntary departure not under an order of deportation.

In Matter of Francis, unreported, file A-12081215 (BIA August 15, 1974), the facts related to a 54-year-old male respondent, a native and citizen of Jamaica, who was admitted to the United States as a permanent resident alien on September 8, 1961. Following a deportation hearing, the immigration judge found the respondent deportable as charged by virtue of a conviction on October 20, 1971, for criminal possession of dangerous drugs in the sixth degree (marihuana). The immigration judge also found that the respondent had not been absent from the United States since his original entry. In that case we agreed with the immigration judge that the respondent was deportable within

the meaning of section 241(a)(11) of the Act and that deportability had been established by clear, convincing and unequivocal evidence. We further agreed with the immigration judge that deportation proceedings, rather than exclusion proceedings, were properly instituted, and that the respondent was not eligible to apply for relief under section 212(c) of the Immigration and Nationality Act.

On appeal to the United States Court of Appeals for the Second Circuit in *Francis* v. *INS*, 532 F.2d 268 (2 Cir. 1976), the court held that our interpretation of section 212(c) of the Act as applied to the respondent was unconstitutional; and that the respondent, a permanent resident alien who had not departed the United States following his marihuana conviction, was entitled to apply to the Attorney General for discretionary relief under section 212(c) of the Act.[1] The court was of the opinion that the provisions of section 212(c) are applicable not only to permanent resident aliens who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, but that such provisions are also applicable to nondeparting permanent resident aliens.

In so holding, the court in the *Francis* case pointed out that the enforcement of immigration laws and policies relating to such laws must respect the procedural safeguards of due process under the Fifth Amendment of the Constitution of the United States. The court also expressed the well-established view that the equal protection of the laws clause of the Fourteenth Amendment of the Constitution of the United States applies to aliens as well as citizens. In its application of the minimum scrutiny test [2] to this case, the court was of the opinion that:

> Fundamental fairness dictates that permanent resident aliens who are in like circumstances, but for irrelevant and fortuitous factors, be treated in a like manner. We do not dispute the power of Congress to create different standards of admission and deportation for different groups of aliens. However, once those choices are made, individuals within a particular group may not be subjected to disparate treatment on criteria wholly unrelated to any legitimate governmental interest . . . .

We note that the Service has informed us in a memorandum dated August 25, 1976 that, on July 22, 1976, the Solicitor General decided

---

[1] The court granted respondent's petition and remanded the case to us "so that the Attorney General's discretion under section 212(c) may be exercised."

[2] Under the minimal scrutiny test, distinctions between different classes of persons must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. *Stanton* v. *Stanton*, 421 U.S. 7, 14, 95 S. Ct. 1373, 1377, 43 L.Ed. 2d 688, 694 (1975); *Royster Guano Co.* v. *Virginia*, 253 U.S. 412, 415, 40 S. Ct. 560, 561, 64 L.Ed. 989, 990 (1920).

against seeking certiorari in *Francis* v. *INS*. In view of the ruling of the Court of Appeals for the Second Circuit in *Francis* v. *INS*, we withdraw from the contrary position expressed by this Board in *Matter of Francis, supra,* and *Matter of Arias-Uribe, supra.* We conclude that, under the provisions of section 212(c) of the Act, a waiver of the ground of inadmissibility may be granted to a permanent resident alien in a deportation proceeding regardless of whether he departs the United States following the act or acts which render him deportable. In light of the constitutional requirements of due process and equal protection of the law, it is our position that no distinction shall be made between permanent resident aliens who temporarily proceed abroad and nondeparting permanent resident aliens. We further conclude that permanent resident aliens similarly situated shall be treated equally with respect to their applications for discretionary relief under section 212(c) of the Act. Accordingly, we shall sustain the appeal and remand this case to the immigration judge for further proceedings consistent with the above opinion.

ORDER: The appeal is sustained and the record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion.

### Irving A. Appleman, Member, Concurring (October 5, 1976):

For the reasons set forth below I concur in the majority decision.[1] However, that opinion, following closely as it does the decision in *Francis* v. *INS*, 532 F.2d 268 (2 Cir. 1976), in my view needs clarification and amplification.

By its express language, section 212(c) is concerned with aliens "who are returning to a lawful unrelinquished domicile." Such aliens "may be admitted" in the discretion of the Attorney General if they meet certain criteria. Like the predecessor seventh proviso to Section 3 of the Immigration Act of 1917, 39 Stat. 874, section 212(c) was inserted in the Immigration and Nationality Act to take care of the lawful permanent resident who left the United States temporarily and who, but for this waiver provision, could not have been readmitted.[2]

In *Matter of G—A—,* 7 I. & N. Dec. 274 (BIA 1956), a deportation proceeding, the Board examined the facts existing as of the time the alien returned to the country, and found that if he had applied for section 212(c) relief at that time, a waiver would have been granted him.

---

[1] The majority decision was inadvertently released while this separate opinion was being prepared and hence bears a different date.

[2] Other provisions now exist permitting waivers of some of the grounds of inadmissibility in section 212; see, for example, section 212(g), (h), and (i), added by the Act of September 26, 1961, 75 Stat. 654, 655. These waivers did not exist at the time the Immigration and Nationality Act was enacted in 1952.

Relying upon the words "may be admitted" in section 212(c) and the sanction given by the Attorney General to the grant of the relief in *Matter of L—*, 1 I. & N. Dec. 1 (BIA 1940; A.G. 1940), the Board granted the relief *nunc pro tunc*. The waiver having been granted, the alien was immunized from deportation for the same crime. Id., at 275.

Similarly, in *Matter of Smith*, 11 I. & N. Dec. 325, another deportation proceeding, the alien's application for adjustment of status under section 245 was accompanied by a request for a waiver under section 212(c), of a ground of inadmissibility which would have made the alien ineligible for a visa and hence not qualified for section 245 adjustment. A section 245 adjustment of status is the Immigration and Nationality Act equivalent of, and successor to, preexamination. Under the preexamination procedure the alien departed from the United States, and, by prearrangement, went to a friendly consulate, obtained his visa and returned to the United States, often the same day. Section 245 requires the alien to show both visa eligibility and availability, but physical departure from the country has been eliminated. No visa actually issues, but a visa number is allocated and utilized, 8 C.F.R. 245.5. In *Matter of Smith*, *supra*, the waiver under section 212(c) removed a bar to this fictional issuance of a visa and thus allowed the alien the benefits of section 245. In coupling section 212(c) relief with a 245 adjustment in *Matter of Smith*, the Board, in effect, was doing contemporaneously as part of the admission process, what it had done retroactively in *Matter of G—A—*, *supra*, In both *Matter of G—A—*, *supra*, and *Matter of Smith*, supra, notwithstanding that the application was made during a deportation proceeding, relief under section 212(c) derived at least colorable authority from the words "may be admitted" in the statute.

However, in *Matter of Arias-Uribe*, 13 I. & N. Dec. 696 (BIA 1971), sustained *Arias-Uribe v. INS*, 466 F.2d 1198 (9 Cir. 1972), the Board refused to grant a section 212(c) waiver as outright relief in a deportation proceeding where it could not be allied, by any chain of reasoning, to the admission process. The Board had attempted to alleviate the lack of equal treatment evident in the statute. It could go no further without flouting the statute.[3] No further "interpretation" was possible.

In *Francis v. INS*, *supra*, and in the instant case, we come full circle. Section 212(c) has now been judicially rewritten and is a full deportation relief, along with suspension of deportation (section 244), adjustment of status (section 245), and registry (section 249). The lawful permanent resident, with seven years of domicile, now has a separate and additional form of relief available to him in deportation proceedings. The provision respecting admission after temporary departure abroad no

---

[3] The Board is a surrogate of the Attorney General, the executive official charged with the administration of the Immigration and Nationality Act. It has no power to declare legislation unconstitutional.

longer seems relevant. This may be desirable, but it is not what Congress wrote, nor what it intended.

Unquestionably, as the court pointed out in *Francis* v. *INS, supra,* in section 212(c) the Congress created, perhaps inadvertently, an avenue of relief under the statute for the permanent resident alien who took a temporary trip abroad after a ground of deportability arose, whereas the same alien could not get that relief if he remained here. Two classes of aliens thus existed, identical in every respect, except for the fact that members of one class got relief, and the others did not—a distinction, in the words of the court, not rationally related to any legitimate purpose of the statute.

At the same time, one cannot help but be puzzled by that portion of the *Francis* decision which lays this deficiency in the statute at the feet of the Board of Immigration Appeals. The fact is that if there had been no Board interpretations whatsoever, the lack of "equal treatment," noted in *Francis*, would still have existed. The long-term resident who left the United States, and who received section 212(c) relief when applying for readmission, was thereafter not deportable on the waived ground. To hold otherwise would seem to render the waiver meaningless. Yet the same alien, if unable to leave the United States for a visit abroad, could be deportable. If this discrimination is irrational and unconstitutional, it is so, not because of a Board interpretation, but because of the language of the statute itself. The *Francis* opinion notes the "facial" limitations of section 212(c) and agrees that the reading given the statute in *Arias-Uribe, supra,* was consistent with the language of section 212(c). While the court did not attempt to find the statute unconstitutional, there is at least a possibility that this is the underlying, if unexpressed, basis for the *Francis* decision.[4]

The Solicitor General has decided against seeking certiorari in the *Francis* case. The Immigration and Naturalization Service has indicated that it will apply nationwide the rationale of *Francis* in cases

---

[4] Challenges to substantive due process under the immigration laws (including those going to the categories of aliens to whom relief may be granted) have been uniformly rejected by the courts. See e.g., *Dunn* v. *INS*, 499 F.2d 856 (9 Cir. 1974; Cert. denied 419 U.S. 1106). The power to control immigration is inherent in national sovereignty and hence vested in the legislature not the judiciary. See *Harisiades* v. *Shaughnessy*, 342 U.S. 580 (1952); *Fong Yue Ting* v. *United States*, 149 U.S. 698 (1893). *Francis* purports to rest on a violation of *procedural* due process. Here the courts readily exercise authority since the challenge is to the manner in which the law is applied rather than to the law itself. Accordingly, the *Francis* decision, by invalidating a Board "interpretation" of the statute, on its face does not offend the precedents. It is, of course, entirely speculative whether a possible limitation on the courts authority to invalidate the statute played any part in the direction taken by the decision.

coming before it. Under the circumstances, I concur with the remand in this case to allow the alien the same opportunity accorded others by the Service, to apply for the relief.