MATTER OF LOK

In Deportation Proceedings

A-31327663

*Decided by Board July 30, 1976*

(1) Although the provisions for waiver of grounds of excludability under section 212(c) of the Immigration and Nationality Act are applicable to an alien in deportation proceedings, the seven-consecutive-year-period of unrelinquished domicile in the United States required to qualify must have occurred subsequently to the alien's lawful admission for permanent resident.

(2) Respondent had been domiciled in the United States from 1959 to October 25, 1971, (nearly 12 consecutive years), but had never been lawfully admitted for permanent residence. He departed the United States on the latter date and was readmitted three months later for permanent residence on December 26, 1971, after having received permission to reapply for admission. Therefore, respondent was statutorily ineligible for section 212(c) relief sought at his deportation hearing brought under section 241(a)(11) of the Act based on his 1973 conviction for offenses relative to the possession and distribution of narcotics (heroin), because having been admitted for permanent residence only since December 26, 1971, respondent did not have the 7 consecutive years domicile following admission for permanent residence required by section 212(c).

CHARGE:

Order:  Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of conspiracy for violation of narcotics laws; possession of narcotics with intent to distribute heroin. U.S. Code Title 21, Sections 812, 841(a)(1), 841(b)(1)(A); Title 18, U.S. Code section 2

ON BEHALF OF RESPONDENT:
Max K. Schlem, Esquire
223 Broadway
New York, New York 10007

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

In a decision dated May 29, 1975 the immigration judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act, denied his application for a waiver of inadmissibility under section 212(c) and ordered his deportation. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent, a native and citizen of China, entered the United States as a nonimmigrant crewman in 1959. He remained beyond the authorized period of his admission and, after a hearing before a special inquiry officer on October 26, 1965, was found deportable under section

241(a)(2) of the Act and was granted the privilege of departing voluntarily. An alternate order of deportation was then entered against him. Private bills were subsequently introduced in Congress in his behalf and, as a result, he was given until March 2, 1969 to depart the United States voluntarily. He did not leave, however, until October 25, 1971. Shortly thereafter, on December 26, 1971, after having received permission to reapply for admission, he returned to the United States as a lawful permanent resident. In 1973 he was convicted upon a plea of guilty of offenses relating to the possession and distribution of narcotic drugs, to wit, heroin, and these proceedings were instituted against him.

At the deportation hearing the respondent admitted the truth of the allegations in the order to show cause and conceded his deportability. The only issue on appeal involves his application for a waiver of inadmissibility under section 212(c).

Section 212(c) provides in pertinent part:

"Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and *who are returning to a lawful unrelinquished domicile of seven consecutive years,* may be admitted in the discretion of the Attorney General without regard to the provisions of paragraph (1) through (25) and paragraphs (30) and (31) of subsection (a)." (Emphasis supplied.)

Although the language of the statute describes a waiver to an alien seeking to enter the United States, we have held that this waiver may be granted in deportation proceedings in connection with an application for adjustment of status. *Matter of Smith,* 11 I. & N. Dec. 325 (BIA 1965).

The seven-year period of domicile in the United States, however, must have followed the lawful admission for permanent residence. *Matter of S—,* 5 I. & N. Dec. 116 (BIA 1953). Inasmuch as the respondent was not admitted as a lawful permanent resident until 1971, he does not have the requisite seven years and is consequently statutorily ineligible for section 212(c) relief.

The decision of the immigration judge is correct. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.