46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fitzroy Anthony VIRGO, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-1620.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 8, 1994.
Decided Jan. 27, 1995.
 
 Antoinette J. Rizzi, LAW OFFICES OF ANTOINETTE J. RIZZI, Arlington, VA, for Petitioner. Frank W. Hunger, Assistant Attorney General, Mark C. Walters, Teresa A. Wallbaum, OFFICE OF IMMIGRATION LITIGATION, Washington, DC, for Respondent.
 Before MURNAGHAN, NIEMEYER, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Fitzroy Anthony Virgo, a citizen of Jamaica, petitions for review of the Board of Immigration Appeals' ("Board") decision denying his application for waiver of deportation. Because we find that the Board did not abuse its discretion, we affirm.
 
 
 2
 * Virgo entered the United States in September 1985. Virgo found steady employment as an apple picker, landscaper, and electrician's helper. Despite this, within a year of gaining residence, Virgo began dealing drugs. In 1989, Virgo was convicted of distributing crack cocaine within 1000 yards of a school. Virgo served a fifty-five month sentence at which time the Immigration and Naturalization Service issued an order to show cause charging Virgo with deportability.
 
 
 3
 At a hearing before an Immigration Judge ("IJ"), Virgo conceded deportability, but he sought discretionary waiver relief pursuant to 8 U.S.C.A. Sec. 1182(c) (West Supp.1994).[1] The IJ denied Virgo's waiver request, finding that because of the seriousness of Virgo's offense, he was required to show unusual and outstanding equities. The IJ found that while Virgo had shown numerous positive equities, they were not unusual and outstanding, and they were outweighed by the negative factors. On appeal to the Board, Virgo argued that the IJ erred in failing to find that his equities, particularly his remorse and evidence of rehabilitation, outweighed the negative factors. The Board found that Virgo had shown unusual and outstanding equities, but affirmed the IJ's opinion, with one dissenting vote. Virgo timely appealed from that order.
 
 II
 
 4
 Virgo asserts that he presented sufficient evidence to warrant a grant of waiver relief. The alien bears the burden of proving that he should receive a waiver of deportation. Casalena, 984 F.2d at 106. To determine if waiver relief is appropriate, the Board must balance the undesirability of the alien as a permanent resident against the social and humane considerations provided by the alien. Id. at 107. The adverse factors to be considered include the nature and underlying circumstances of the grounds for deportation, presence of additional significant violations of this country's immigration laws, the alien's criminal record, and other evidence indicative of bad character. Id. at 107 n. 4.
 
 
 5
 The countervailing equities to be considered are family ties in the United States, the length of residency, the hardship of deportation on the alien and his family, employment history, property ownership, business ties, community service, service in the armed forces, and evidence of good moral character. Id. Rehabilitation is an important factor to waiver relief. Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). Rehabilitation is "scarcely a readily determinable fact in the ordinary sense and the Board necessarily makes a judgment call, involving an estimate or predication of an individual's future conduct." Palacios-Torres v. INS, 995 F.2d 96, 99 (7th Cir.1993).
 
 
 6
 When the underlying trigger for deportation is a serious crime, the alien is required to show outstanding or unusual equities. Casalena, 984 F.2d at 107. A showing of outstanding equities, however, does not compel an exercise of discretion in an alien's favor. Id. at 107 n. 6. The Board's decision to deny waiver is discretionary and this Court will uphold the decision unless it is arbitrary or capricious. Casalena, 984 F.2d at 106. This Court is without authority to engage in a reweighing of the positive and negative factors put forth by the parties. Garcia-Lopez v. INS, 923 F.2d 72, 74 (7th Cir.1991).
 
 
 7
 In support of his application for waiver, Virgo submitted evidence of steady employment since entering the United States. Virgo has a close immediate family in the United States, consisting of his father, two brothers, four sisters, fiancee and daughter. Virgo's mother currently resides in Jamaica, but apparently plans are in progress to bring her to this country. Moreover, during the four and a half years of his incarceration, Virgo maintained a close relationship with his family, including his fiancee and young daughter.
 
 
 8
 The evidence also demonstrated that Virgo admitted full responsibility for his illegal conduct, including some minor traffic infractions. Virgo was extremely remorseful for his crimes and evidenced strong signs of rehabilitation while in prison. Virgo joined Alcoholics Anonymous in prison, participated in adult education, developed a new religious appreciation, and acquired a job as a solderer with Unicorp, which was the highest paid job in prison industries and is only awarded to model prisoners. Virgo also testified that deportation would be very difficult on his family and that he would not be able to support his fiancee and their daughter from Jamaica.
 
 
 9
 Virgo's negative factors all center around his drug activities within the United States. The evidence showed that Virgo came to this country as an adult, and was dealing drugs within one year of gaining residency. When Virgo was finally arrested, he was dealing crack cocaine within 1000 yards of a school. Because of the seriousness of this drug offense, Virgo was required to show outstanding and unusual equities. Although contrary to the IJ's opinion, the Board found that Virgo had met this heightened burden. Nonetheless, the Board agreed with the IJ that these equities were offset by the seriousness of Virgo's drug offenses.
 
 
 10
 Virgo argues that the Board's decision rested on an impermissible basis because the Board stated that although Virgo evidenced some signs of rehabilitation, his level of rehabilitation was difficult to assess because he has been incarcerated since 1989. The Board further stated that because of Virgo's incarceration, his rehabilitation was "simply not such that we would give it significant weight in the discretionary balancing in this case." Virgo argues that this logic is impermissible because he has exhibited every indicia of rehabilitation that could possibly be demonstrated, and under the Board's reasoning, no currently incarcerated applicant could ever meet the standards necessary to obtain waiver relief. Therefore, Virgo argues, the Board is effectively refusing to exercise its discretion in cases where the applicant is incarcerated.
 
 
 11
 Virgo's argument overstates the case. First, even a finding of outstanding evidence of rehabilitation would not compel an exercise of discretion in Virgo's favor. See Casalena, 984 F.2d at 107 n. 6. Second, the Board did not refuse to consider evidence of Virgo's rehabilitation. Instead, the Board merely found that it failed to warrant significant weight. Although Virgo exhibited impressive evidence of rehabilitation, it is pure speculation to say that there is nothing further he could have done to exhibit more rehabilitation. The record reveals that the Board made a reasoned judgment call concerning Virgo's rehabilitation.
 
 
 12
 Virgo also argues that the Board failed to consider the hardship on his family, and that he has no prior criminal record. Additionally, Virgo argues that the Board erred because it considered the fact that he had come to this country as an adult to be a negative factor. These arguments are meritless.
 
 
 13
 The Board's decision, in fact, demonstrates that it considered all relevant factors. While the Board did not specifically note the hardship on Virgo's family, it mentioned this as a factor to be considered and subsequently discussed Virgo's strong family ties in this country. Additionally, standards enunciated by the Board demonstrate that while a prior criminal record is a negative factor to be considered in balancing the equities, there is no requirement that the absence of a prior criminal record must be considered a factor in favor of granting waiver relief. Finally, the Board properly considered as a negative factor that Virgo gained residency as an adult because the evidence revealed that Virgo began illegal activity as an adult in this country within one year of entering. This could reasonably be interpreted as further evidence of bad character.
 
 
 14
 The Board demonstrated that it considered all of the relevant factors in reaching its decision, and did not abuse its discretion in affirming the decision of the IJ.[2] We therefore affirm the Board's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Section 1182(c) is sometimes referred to as Sec. 212(c) of the Immigration and Nationality Act. Although Sec. 1182(c) by its terms applies only to aliens with seven consecutive years of lawful domicile who have departed the United States and seek to return, the Board has determined that relief under this section is extended to aliens with seven consecutive years of domicile notwithstanding the fact that the alien has not departed from the United States. See Casalena v. INS, 984 F.2d 105, 106 n. 3 (4th Cir.1993) (citing Matter of Silva, 16 I. & N. Dec. 26, 30 (BIA 1976))
 
 
 [2]
 We also reject Virgo's argument that the Board abused its discretion because other immigration cases demonstrate that the IJ will not grant discretionary waiver relief to any applicant convicted of a serious drug offense. Virgo argues that contrary to congressional authorization, the Board has a policy of automatically refusing to grant waiver relief to an entire class of persons, and that this amounts to a failure to exercise discretion. This issue was not raised before the Board, and should not be considered for the first time by this Court on appeal. See Stewart v. Hall, 770 F.2d 1267, 1271 (4th Cir.1985). Moreover, Virgo's argument is meritless in that he has presented no supporting evidence