

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2008

# Francois v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4757

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Francois v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1627.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1627

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4757

_____

ROGER FRANCOIS,
*Petitioner*,

vs.

ATTORNEY GENERAL OF
THE UNITED STATES,
*Respondent.*

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A35-420-265
Immigration Judge: Robert P. Owens

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 14, 2008

_____

Before: FUENTES and JORDAN, *Circuit Judges*, and RUFE, *District Judge**
(Opinion Filed: February 11, 2008)

_____

**OPINION**

_____

_____

*The Honorable Cynthia M. Rufe, District Judge for the Eastern District of
Pennsylvania, sitting by designation.

FUENTES, *Circuit Judge*:

_____Roger Francois ("Francois") petitions for review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an order of an Immigration Judge ("IJ"), finding him removable and denying his application for a waiver of removability under former § 212(c) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1182(c) (repealed 1996). For the following reasons, the petition will be denied.

I.

Francois is a 42 year old citizen of Trinidad and Tobago and a lawful permanent resident of the United States. He was admitted to this country in 1976. In 1983, Francois was convicted in the state of New York for first degree robbery, first degree burglary, and third degree larceny. *See* N.Y. Penal § 160.15 (McKinney 1983) (pertaining to robbery in the first degree); N.Y. Penal § 140.30 (McKinney 1983) (pertaining to burglary in the first degree); N.Y. Penal § 155.35 (McKinney 1983) (pertaining to grand larceny in the third degree). In 2002, Francois was convicted in the state of Connecticut of fourth degree larceny and possession of a shoplifting device.[1] *See* Conn. Gen. Stat. Ann. § 53a-125 (West 2002) (pertaining to larceny); Conn. Gen. Stat. Ann. § 53a-127f (West 2002) (pertaining to possession of a shoplifting device).

---

[1]It should be noted that, for reasons discussed below, Francois's counsel disputes whether Francois was actually convicted of these offenses and, if so, whether those convictions were obtained illegally. *See infra* note 3.

In 2006, Francois was served with a Notice to Appear charging him with being removable as an aggravated felon for committing a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F) and a "theft offense" under 8 U.S.C. § 1101(a)(43)(G). *See also* 8 U.S.C. § 1227(a)(2)(A)(iii) (providing that an alien convicted of an aggravated felony is removable from the United States). Francois was also charged with removability for the commission of two crimes involving moral turpitude. *See* 8 U.S.C. § 1227(a)(2)(A)(ii) (providing that aliens convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, are removable).

At his hearing before the IJ, Francois admitted the existence of his New York convictions, but declined to admit the Connecticut convictions because they were subject to a collateral attack. (Administrative Record ("A.R.") 48, 257.) Francois conceded, though, that he was convicted of an aggravated felony under both the "crime of violence" and "theft offense" definitions. (A.R. 48-49, 257.) He denied, however, that he was convicted of two crimes involving moral turpitude based upon the New York and Connecticut convictions. (A.R. 49.)

The IJ then addressed Francois's application for a waiver of removal under former § 212(c). Citing two BIA decisions, *Matter of Blake*, 23 I. & N. Dec. 722 (BIA 2005) and *Matter of Brieva*, 23 I. & N. 766 (BIA 2005), the IJ found Francois ineligible for § 212(c) relief. (A.R. 98-100.) Accordingly, the IJ ordered Francois removed to Trinidad and Tobago. (A.R. 116.) On appeal, the BIA, relying on *Brieva*, affirmed the IJ's order

of removal. (A.R. 2-5.) Francois now petitions this Court for review.

## II.

In his petition, Francois challenges the legal basis for the BIA's denial of his application for § 212(c) relief. Because Francois's petition raises a question of law, we have jurisdiction to review his petition under 8 U.S.C. § 1252(a)(2)(D) (providing that we retain the jurisdiction to review "constitutional claims and questions of law"). *See Papageorgiou v. Gonzales*, 413 F.3d 356, 358 (3d Cir. 2006). Where, as here, the BIA issued a separate decision and did not adopt any portion of the IJ's decision, we review only the BIA's decision. *See Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006) (citations omitted). The BIA's legal conclusions are reviewed *de novo*. *See Smriko v. Ashcroft*, 387 F.3d 279, 282 (3d Cir. 2004).

## III.

Under former § 212(c) of the INA, the Attorney General possessed the discretion to waive the exclusion of certain lawful permanent residents who sought reentry into the United States. This section was repealed in 1996 when Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. 104-208 (1996). The Supreme Court later held that Congress did not intend for IIRIRA to apply retroactively to lawful permanent residents who pled guilty to crimes prior to its passage. *See INS v. St. Cyr*, 533 U.S. 289, 326 (2001). In response to *St. Cyr*, the Immigration

and Naturalization Service (now, the Department of Homeland Security) allows lawful permanent residents with convictions entered before April 1, 1997 to apply for relief under § 212(c).  *See* 8 C.F.R. 1212(h)(3).

On the face of the statute, § 212(c) only applied to aliens who were returning from a temporary journey overseas and were facing exclusion from admission to the United States under § 212(a) of the INA, 8 U.S.C. § 1182(a).[2]  As such, cases initially applying § 212(c) did not extend its benefits to aliens who never left this country.  *See Matter of Arias-Uribe*, 13 I. & N. Dec. 696, 699-700 (BIA 1971); *Matter of M - - -* , 5 I. & N. 642, 647 (BIA 1954).  In *Francis v. INS*, 532 F.2d 268, 272 (2d Cir. 1976), the Second Circuit determined that this result "create[d] two classes of aliens identical in every respect except for the fact that members of one class have departed and returned to this country at some point after they became deportable."  The Second Circuit held that this disparate treatment was not rationally related to any legitimate purpose and therefore violated the petitioner's Fifth Amendment equal protection rights.  *Id*.  The BIA and our Circuit

---

[2]At the time of its repeal, § 212(c) stated:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) [(establishing classes of aliens to be excluded from admission to the United States)]....

8 U.S.C. § 1182(c) (repealed 1996).

eventually adopted this holding. *see In re Silva*, 16 I. & N. Dec. 26, 30 (BIA 1976);

*Katsis v. INS*, 997 F.2d 1067, 1070 (3d Cir. 1993).

After *Francis* extended § 212(c) to aliens who never left the United States, the

BIA granted such relief only where the alien's ground for removability had a comparable

ground of inadmissibility under § 212(a). *See Matter of Meza*, 20 I. & N. Dec. 257, 258-

59 (BIA 1991); *Matter of Wadud*, 19 I. & N. Dec. 182, 184-85 (BIA 1984); *Matter of*

*Grenados*, 16 I. & N. Dec. 726, 728 (BIA 1979). However, after the Supreme Court's

decision in *St. Cyr*, the Department of Justice ("DoJ") promulgated amendments to its

regulations intended to govern the application of former § 212(c). In one of those

amendments, the DoJ noted that the discretionary waiver available under § 212(c) is not

available "if the alien is deportable ... or removable ... on a ground which does not have a

statutory counterpart in section 212 of the [INA]." 8 C.F.R. § 1212.3(f)(5).

A spate of decisions from the BIA applying this rule followed. Two of those

decisions initially became the touchstone for courts to apply when faced with a statutory

counterpart analysis under § 212(c). In *Matter of Blake*, 23 I. & N. Dec. at 723, the BIA

held that an alien removable for the aggravated felony of "sexual abuse of a minor" was

ineligible for § 212(c) relief because no comparable grounds for inadmissibility existed

under § 212(a). The petitioner in *Blake* argued that his conviction was comparable to the

ground rendering inadmissible those aliens convicted of crimes involving moral turpitude

under § 212(a), 8 U.S.C. § 1182(a)(2)(A)(i)(I). *Id*. The BIA disagreed, holding that

while "the coverage of the offenses described [in the removal and inadmissibility provisions] need not be a perfect match in order to be 'statutory counterparts' .... Congress [must have] employed similar language to describe substantially equivalent categories of offenses," *id*. Because the moral turpitude ground of inadmissibility under § 212(a) addressed a "much broader category of offenses than the aggravated felony sexual abuse of a minor charge," the BIA held that the grounds were not statutorily equivalent. *Id*. at 728. In *Matter of Brieva*, 23 I. & N. Dec. at 770-73, the BIA used the same analysis to hold that the ground of removability for the aggravated felony of "crime of violence" was not statutorily equivalent to the ground of inadmissibility for committing a crime of moral turpitude.

IV.

Francois argues that the rule created by *Blake* and *Brieva*, upon which the BIA based its holding, is incorrect. He claims that *Blake* and *Brieva* conflict with settled precedent and represent an incorrect statement of law. Francois contends that the BIA must look, instead, to the actual offenses he was convicted of – e.g., burglary and robbery – and not the offenses charged by the Government – e.g., "crime of violence" and "theft offense" – in determining whether the ground of removability has a comparable ground of inadmissibility. If the BIA did so, Francois concludes, it would have found the convictions underlying his grounds for removability were also crimes involving moral turpitude, which is a ground of inadmissibility under § 212(a). Francois further argues

that the BIA's interpretation of *Blake* and *Brieva* actually create the same equal protection problem identified in *Francis* by denying an alien in removal proceedings the same § 212(c) relief available to an alien in inadmissibility proceedings.

After Francois submitted his brief in this matter, this Circuit squarely addressed his arguments in *Caroleo v. Gonzales*, 476 F.3d 158 (3d Cir. 2007). The petitioner in *Caroleo* was charged as removable for being convicted of a crime of violence. He sought a § 212(c) waiver because his underlying conviction, attempted murder, was also a crime of moral turpitude. We rejected this request, holding that the aggravated felony of crime of violence had no statutory counterpart in the grounds for inadmissibility under § 212(a). In doing so, we held that "while it is true that the *underlying crime* of attempted murder can be characterized as a crime involving moral turpitude for the purposes of determining *removability* ... the statutory counterpart prerequisite for *§ 212(c) relief from removal* focuses, quite differently, upon the *statutory ground for removal* – here an aggravated felony 'crime of violence.'" *Id*. at 164-65 (emphasis in original) (internal citations omitted). We held that "the underlying crime for which [petitioner] was convicted plays no role" in determining a lawful permanent resident's eligibility for § 212(c) relief. *Id*. at 168.

In *Caroleo*, we further rejected the notion that *Blake* and *Brieva* raise any additional equal protection concerns such as those addressed in *Francis*. We held that whether a petitioner's underlying criminal conviction would qualify him for

inadmissibility under § 212(a) is irrelevant for equal protection purposes. *Id*. at 165.

What mattered, we held, "was the statutory ground in the INA under which the removal

was sought." *Id*. This focus on the statutory ground for removal, instead of the

petitioner's underlying criminal conviction, is intended to combat the "arbitrary

distinction that violates equal protection" that would inhere where "'the only distinction

between the two classes of persons the statute created was that one class of individuals

had traveled abroad and returned, and the other had not.'" *Id*. at 165 (quoting *Komarenko*

*v. INS*, 35 F.3d 432, 435 (9th Cir. 1994)). Furthermore, we stated that, if we were to

look at the underlying conviction, "'we would extend discretionary review to every

ground for deportation that could constitute the essential elements of a crime involving

moral turpitude.'" *Id*. at 166 (quoting *Komarenko*, 35 F.3d at 435) (internal citation and

quotation omitted).

Francois also raises an additional argument. He contends that the analysis in

*Blake* and *Brieva* is incorrect because it fails to account for the definition of "crime of

violence" found in 18 U.S.C. § 16. This section defines a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. Francois argues that the BIA erred in relying on the rule in *Brieva*

-9-

because that decision involved § 16(b), while his crime, he contends, falls under § 16(a). Additionally, Francois argues that any crime that falls under the definition of § 16(a) is inherently a crime of moral turpitude and, therefore, his convictions have a statutory counterpart in § 212(a).

This argument must be rejected because it merely reiterates Francois's contention, which we rejected above, that we must consider the facts underlying his convictions. Francois was convicted of first degree robbery in New York, a charge which he does not dispute constitutes a "crime of violence." That statutory ground has no counterpart in § 212(a), as we expressly noted in *Caroleo*. *See* 476 F.3d at 165 ("[T]he aggravated felony 'crime of violence' ground for removal is *not* a statutory counterpart of INA § 212(a)'s 'crime involving moral turpitude.'" (emphasis in original)). We must therefore deny his request for a waiver of removability under § 212(c). Accordingly, we will deny Francois's petition.[3]

---

[3]Francois also challenges the sufficiency of evidence produced by the government to the IJ to prove the 2002 convictions in Connecticut. He also claims that the convictions were obtained improperly because state officials failed to advise him of the immigration consequences of pleading guilty to those offenses. Since we hold that Francois is removable for his New York conviction for first degree robbery, we need not address the issues he raises regarding the Connecticut convictions.