**Clive JAMES, Petitioner**

**v.**

**William RILEY et al., Respondents**

**No. CIV.A.04–785.**

United States District Court,
E.D. Pennsylvania.

Aug. 25, 2004.

Susan R. Becker, U.S. Attorney's Office, Philadelphia, PA, for Tom Ridge.

Steven A. Morley, Morley Surin & Griffin, Philadelphia, PA, for Clive James.

## *MEMORANDUM OPINION AND ORDER*

RUFE, District Judge.

Petitioner Clive James, a native and citizen of Jamaica, has been a lawful permanent resident of the United States since May 20, 1978. In the fall of 1996, Mr. James pleaded guilty and was convicted of possession with intent to deliver marijuana

---

and criminal conspiracy to possession with intent to deliver a controlled substance. After serving his sentence, Mr. James was ordered to appear before an Immigration Judge, who ordered that Petitioner be removed from the United States due to his drug offense convictions. The Board of Immigration Appeals ("BIA") denied Mr. James' direct appeal, and both the Immigration Judge and BIA denied Mr. James' Motion to Reopen. On February 17, 2004, Bureau of Immigration and Customs Enforcement agents took Mr. James into custody.

On February 24, 2004, Mr. James timely filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the order of removal.[1] Specifically, Mr. James contends that the Immigration Judge improperly held that Mr. James was ineligible for a discretionary waiver of deportation under section 212(c) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1182(c) (repealed 1997). In his June 23, 2004 Report and Recommendation ("R & R"), Magistrate Judge Arnold C. Rapoport recommended that Mr. James' Petition be denied.[2] Before the Court are Mr. James' Objections to the R & R. For the following reasons, the Objections are overruled, the R & R is approved and adopted, and the Petition is denied.

## I. *OBJECTIONS TO THE R & R* [3]

This Court reviews *de novo* those portions of the R & R to which Petitioner has objected.[4] Petitioner raises two objections. First, he argues that the Third Circuit's opinion in *Ponnapula v. Ashcroft*, 373 F.3d 480 (2004), issued after the R & R was filed, makes Petitioner eligible for a discretionary waiver of deportation pursuant to INA section 212(c). Second, Petitioner claims that Magistrate Judge Rapoport incorrectly focused on the effective date of section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, which eliminated INA section 212(c) relief for aliens convicted of drug-related offenses. Instead, according to Petitioner, the operative date is the effective date of the subsequent repeal of INA section 212(c) by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), 110 Stat. 3009–546, thereby making Petitioner eligible for INA section 212(c) relief because Petitioner pleaded guilty prior to the IIRIRA's enactment. The Court addresses both objections below.

### A. *The Applicability of Ponnapula v. Ashcroft*

Section 212(c) of the INA granted the Attorney General broad discretion to admit otherwise excludable aliens into the United States:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be

---

1.  On February 25, 2004, the Honorable Timothy J. Savage signed an Order staying the deportation of Mr. James pending the Court's ruling on the instant petition.

2.  2004 WL 1427125.

3.  Judge Rapoport sets forth in his R & R a detailed summary of the relevant procedural history and factual background of this case. Petitioner does not object to Judge Rapoport's recitation, and the Court therefore adopts and incorporates that recitation herein. *See id.* at *1.

4.  28 U.S.C. § 636(b)(1).

admitted in the discretion of the Attorney General .... [5]

Although "literally applicable only to exclusion proceedings ... it [was] interpreted by the Board of Immigration Appeals (BIA) to authorize any permanent resident alien with 'a lawful unrelinquished domicile of seven consecutive years' to apply for a discretionary waiver from deportation."[6] Effective April 24, 1996, AEDPA section 440(d) curtailed the scope of INA section 212(c), making discretionary waivers unavailable to aliens convicted of an "aggravated felony," a class of offenses that included drug convictions.[7] Approximately one year later, the IIRIRA formally repealed INA section 212(c) on April 1, 1997.[8]

On September 5, 1996, over four months after AEDPA section 440(d) took effect, Petitioner, a permanent resident alien, pleaded guilty to possession with intent to deliver marijuana and criminal conspiracy to possession with intent to deliver a controlled substance. Nevertheless, Petitioner contends that AEDPA section 440(d) does not apply to him because he committed these crimes on or about February 5, 1996, before AEDPA section 440(d) took effect. Petitioner claims that because AEDPA did not exist at the time he committed his crimes, "[h]e was not given the opportunity to conform his *conduct* to the law as it existed after AEDPA...."[9]

Therefore, argues Petitioner, applying AEDPA section 440(d) to Petitioner would result in an "impermissible retroactive effect."[10]

Petitioner's argument fails because the relevant date for determining whether AEDPA section 440(d) applies is September 5, 1996, when Petitioner pleaded guilty, and not February 5, 1996, when Petitioner committed his crimes. In *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), a case specifically addressing the retroactive application of AEDPA section 440(d) and the IIRIRA, the Supreme Court stated: " § 212(c) relief remains available for aliens ... whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief *at the time of their plea* under the law then in effect."[11] The Supreme Court reasoned:

> Prior to AEDPA and IIRIRA, aliens like St. Cyr had a significant likelihood of receiving § 212(c) relief. Because respondent, and other aliens like him, almost certainly relied upon that likelihood in deciding whether to forgo their right to a trial, the elimination of any possibility of § 212(c) relief by IIRIRA has an obvious and severe retroactive effect.[12]

Unlike the alien in *St. Cyr*, Petitioner could not have reasonably relied upon the

---

**5.** Formerly codified at 8 U.S.C. § 1182(c).

**6.** *INS v. St. Cyr*, 533 U.S. 289, 295, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (quoting *Matter of Silva*, 16 I. & N. Dec. 26, 30, 1976 WL 32326 (1976)).

**7.** 110 Stat. 1277 (amending 8 U.S.C. § 1182(c)); *St. Cyr*, 533 U.S. at 297 n. 7, 121 S.Ct. 2271 (The AEDPA section 440(d) amendments to INA section 212(c) "barred review for individuals ordered deported because of a conviction for an aggravated felony, for a drug conviction, for certain weapons

or national security violations, and for multiple convictions involving crimes of moral turpitude.").

**8.** *See* 8 U.S.C. § 1229b.

**9.** Objections at 6 (emphasis in original).

**10.** *Id.*

**11.** *St. Cyr.*, 533 U.S. at 326, 121 S.Ct. 2271 (emphasis added).

**12.** *Id.* at 325, 121 S.Ct. 2271.

"significant likelihood of receiving § 212(c) relief" when he pleaded guilty because AEDPA had already made such relief unavailable. Therefore, the application of AEDPA section 440(d) would not have an impermissible retroactive effect on Petitioner. Accordingly, Petitioner is ineligible for a discretionary waiver of deportation under INA section 212(c).

The holding in *Ponnapula* does not alter this result. In *Ponnapula*, the Third Circuit extended the Supreme Court's holding in *St. Cyr* to an alien who rejected a plea agreement, went to trial, and was convicted in 1994, prior to the enactment of AEDPA section 440(d) [13] and the IIRIRA. The Third Circuit held that an alien could reasonably rely on the availability of INA section 212(c) relief in rejecting a plea agreement just as he could in accepting a plea agreement.[14] Petitioner would have the Court further extend *Ponnapula* to hold that an alien could reasonably rely on the availability of INA section 212(c) relief when he committed his crimes, thereby making application of AEDPA section 440(d) to aliens who committed aggravated felonies prior to April 24, 1996 impermissibly retroactive. However, in a footnote, the Third Circuit clarified that its holding was not to be extended in such a way:

> [T]he Court of Appeals for the Seventh Circuit has properly noted that " 'it would border on the absurd' to argue that an alien would refrain from committing crimes or would contest criminal charges more vigorously if he knew that after he had been imprisoned and deported, a discretionary waiver of deportation would no longer be available to him." [15]

In light of this authority, Magistrate Judge Rapoport properly concluded:

> [A]t the time that Petitioner pled guilty, he could not have factored the likelihood of receiving section 212(c) relief into his decision to plead guilty. It further strains credulity to consider Petitioner's argument that he committed his drug crimes in 1995 with the understanding that he had section 212(c) relief available to him. Thus, Petitioner is not entitled to a waiver of deportation because AEDPA section 440(d) is applicable to his case and does not constitute an improper retroactive elimination of section 212(c) relief.[16]

## B. The Relevance of the Date of the IIRIRA's Repeal of INA Section 212(c)

With this objection, Petitioner argues that because the Third Circuit in *Ponnapula* focused "on the choice made by aliens who went to trial and were convicted prior to the effective date of IIRIRA's repeal of former § 212(c)," the operative date for Petitioner is April 1, 1997, when the IIRI-

---

**13.** AEDPA § 440(d) was not specifically at issue in *Ponnapula* because the petitioner rejected the government's plea offer and was convicted in 1994, several years before AEDPA took effect. Therefore, the Third Circuit was concerned only with whether the IIRIRA's repeal of INA § 212(c) applied to the petitioner.

**14.** *Ponnapula,* 373 F.3d at 495 ("[I]f it was reasonable in *St. Cyr* for an alien to rely on the attenuated availability of § 212(c) relief in accepting a plea agreement, we see no reason why it would be unreasonable for the same

alien to likewise rely in declining a plea agreement.").

**15.** *Id.* at 495 n. 14 (quoting *Lara–Ruiz v. INS,* 241 F.3d 934, 945 (7th Cir.2001)); *see also Domond v. U.S. INS,* 244 F.3d 81, 86 (2d Cir.2001) ("[I]t cannot reasonably be argued that aliens committed crimes in reliance on a hearing that might possibly waive their deportation.").

**16.** 2004 WL 1427125, at *3.

RA officially repealed INA section 212(c).[17] Therefore, according to Petitioner, because Petitioner pleaded guilty prior to April 1, 1997, he falls within the class of aliens covered by *Ponnapula* and is eligible for a discretionary waiver under INA section 212(c).

Petitioner's argument fails because it completely ignores AEDPA section 440(d), which, as discussed *supra* at Section I.A., made INA section 212(c) relief unavailable to Petitioner when he pleaded guilty. Unlike *Ponnapula,* where INA section 212(c) relief was available to the petitioner when he chose to reject a plea offer, when Mr. James pleaded guilty to drug offenses on September 5, 1996, INA section 212(c) relief was unavailable to him. Thus, the IIRIRA's subsequent repeal of INA section 212(c) on April 1, 1997 is inconsequential to this case.

## II. *CONCLUSION*

For the foregoing reasons, Petitioner is not eligible for a discretionary waiver of deportation under INA section 212(c). Accordingly, Petitioner's objections are overruled, Magistrate Judge Rapoport's R & R is approved and adopted, and the Petition for a Writ of Habeas Corpus is denied.

An appropriate Order follows.

### *ORDER*

**AND NOW,** this 25th day of August, 2004, upon careful consideration of the pleadings and record, and after review of Petitioner Clive James' Petition for Writ of Habeas Corpus and supporting Memorandum of Law [Doc. # 1], the Government's Response thereto [Doc. # 4], Magistrate Judge Arnold C. Rapoport's June 23, 2004 Report and Recommendation [Doc. # 7], Petitioner's Objections thereto [Doc. # 9], and the Government's Response to Peti-

tioner's Objections [Doc. # 11], and for the reasons set forth in the attached Memorandum Opinion, it is hereby **ORDERED** and **DECREED** as follows:

(1) Petitioner Clive James' Objections to the Report and Recommendation [Doc. # 9] are **OVERRULED;**

(2) Magistrate Judge Arnold C. Rapoport's Report and Recommendation dated June 23, 2004 [Doc. # 7] is **APPROVED** and **ADOPTED;**

(3) The Petition for a Writ of Habeas Corpus [Doc. # 1] is **DENIED;**

(4) Because the Petition does not make a substantial showing of the denial of a constitutional right, the Court declines to issue a Certificate of Appealability;

(5) The Court's February 25, 2004 Order staying the deportation of Petitioner [Doc. # 2] is **VACATED;** and

(6) The Clerk shall **CLOSE** this case for statistical purposes.

It is so **ORDERED.**

---

17. Objections at 7 (quoting *Ponnapula,* 373 F.3d at 494).