**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1977
_____

JOSÉ LUIS REINOSO-SELDA,
aka José Rudiaris Lajara,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency Case No. A073-485-561)
Immigration Judge: Hon. Annie S. Garcy

_____

Argued on March 12, 2019

Before: McKEE, PORTER, and ROTH, *Circuit Judges*.

(Opinion filed: April 11, 2019)


Mark D. Herman                    **[Argued]**
Covington & Burling LLP
850 10th Street, N.W.
One City Center
Washington, DC 20001

Gregg H. Levy
Covington & Burling LLP
850 10th Street, N.W.

One City Center
Washington, DC 20001

*Pro Bono Counsel for Petitioner*

Sara J. Bayram                              **[Argued]**
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

*Counsel for Respondent*

_____

OPINION*

_____

PORTER, *Circuit Judge.*

José Luis Reinoso-Selda, aka José Rudiaris Lajara ("Reinoso"), asks us to remand his case to the Board of Immigration Appeals to reopen *sua sponte* his 1996 deportation hearings. The Government responds that we lack jurisdiction to review the Board's decision declining to exercise its authority to reopen *sua sponte*. The Government is correct, so we must dismiss Reinoso's petition.

**I**

Reinoso is a native and citizen of the Dominican Republic. He was admitted as a lawful permanent resident ("LPR") under his Lajara alias in 1994. In 1995, he was convicted of possessing cocaine with the intent to distribute within 1,000 feet of a school

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

and of the manufacture, distribution, and dispensing of heroin. Based on his alien status and these aggravated drug offenses, the Government charged Reinoso with being removable.

A deportation hearing was held before an immigration judge ("original IJ"), on October 23, 1996. During that hearing, Reinoso admitted that he had entered the United States without inspection in 1989 and that he had been convicted of both aggravated drug offenses in 1995. The original IJ entered a deportation order, which Reinoso accepted as final. Reinoso never appealed that order and was removed from the country.

Reinoso reentered the United States illegally in 1998. He was apprehended by ICE officials in 2013 and charged with being removable as an alien who was inadmissible at the time of his entry due to his previous deportation. In 2014, he filed an untimely motion asking a new immigration judge ("current IJ"), to reopen his 1996 deportation proceedings, ostensibly so he could apply for a waiver under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq*. ("INA"). Treating his untimely motion as a request to reopen *sua sponte*, the current IJ noted that Reinoso would not have been eligible for relief under former section 212(c) and so had failed to meet his heavy burden of showing exceptional circumstances warranting *sua sponte* reopening of his case. Reinoso challenged the current IJ's decision in an appeal to the Board and in the alternative asked the Board to exercise its authority to reopen *sua sponte*. The Board affirmed the current IJ and denied Reinoso's motion to reopen *sua sponte*.

Reinoso filed a timely petition for review of the Board's denial of his motion to reopen *sua sponte*.

3

## II

The Board had jurisdiction to address Reinoso's appeal under 8 C.F.R. § 1003.1(b)(3). Our jurisdiction to review the Board's discretionary decisions is limited by 8 U.S.C. § 1252(a). So limited, in fact, that the Government asserts we lack jurisdiction to review the Board's denial of Reinoso's motion to reopen *sua sponte* his deportation proceedings. We review challenges to our jurisdiction *de novo*. *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012).

## III

We generally have jurisdiction to review final orders by the Board denying motions to reopen. *See Kucana v. Holder*, 558 U.S. 233, 249–50 (2010). But this grant of jurisdiction to review orders denying reopening does not extend to orders in which the Board declines to exercise its authority to reopen *sua sponte*. "Because such motions are committed to the unfettered discretion of the [Board], we lack jurisdiction to review a decision on whether and how to exercise that discretion." *Pllumi v. Att'y Gen.*, 642 F.3d 155, 159 (3d Cir. 2011); *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003) (same). This exception to our appellate jurisdiction is itself subject to two exceptions: We have jurisdiction to review the Board's denial of a motion to reopen *sua sponte* when (1) the Board relies on an incorrect legal premise in denying that motion or (2) the Board's decision is contrary to a settled course of adjudication. *Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017). Because neither exception applies here, we will dismiss Reinoso's petition for lack of jurisdiction.

## A
### The Board Did Not Rely on an Incorrect Legal Premise When It Denied Reinoso's Motion for Reopening *Sua Sponte*.

The Attorney General is authorized by statute to establish such regulations as he finds necessary to carry out the provisions of the INA. *See* 8 U.S.C. § 1103(g)(2). Under these regulations, the Board may reopen *sua sponte* a proceeding at any time. 8 C.F.R. § 1003.2. But motions to reopen *sua sponte* will be granted only when the petitioner shows extraordinary circumstances. *Matter of J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997). One prerequisite to showing extraordinary circumstances is that the petitioner must demonstrate a reasonable likelihood that the relief sought would be granted. *Matter of Beckford*, 22 I. & N. Dec. 1216, 1218–19 (BIA 2000).

In addition to appealing the current IJ's denial of his motion to reopen, Reinoso also sought reopening *sua sponte* from the Board so that he could seek relief under former section 212(c). Reinoso argued that alleged due process violations during his 1996 deportation hearing provided the exceptional circumstances warranting reopening *sua sponte*. Specifically, he claimed that the original IJ failed to develop the record sufficiently, sustained a charge that contained "inaccurate information,"[1] and relieved the Government

---

[1] This contention refers to Reinoso being charged as José *Reinoso*, whereas he now avers that his true name is and was José *Lajara*. But at his 1996 deportation hearing, petitioner admitted that his name is "José Luis Reinoso-Selda" and told the original IJ that he had never used any other name. More importantly, Reinoso has never argued that the 1995 aggravated drug convictions were not his, so his due process rights were not violated.

of its burden to show deportability.[2] Reinoso asserted that these errors prejudiced him because he could have been eligible for relief under former section 212(c) of the INA.

Reframing this argument, Reinoso now contends that the original IJ violated his rights when he failed to ask Reinoso if he admitted the charges against him and that he was deportable. This claim suffers from several deficiencies. First, it is belied by the record. The original IJ did ask, and Reinoso did admit, each charge against him. When confronted with this at argument, *pro bono* counsel retreated to a narrower claim: the original IJ failed to ask Reinoso if he admitted the ultimate legal conclusion, *i.e.*, that he was deportable. But when pressed, *pro bono* counsel could cite no case requiring an alien to specifically admit deportability, or authority that his failure to specifically admit deportability (after already admitting all of the grounds for deportation) violated due process.

Second, the regulation applied to the alien's pleading of deportability only at an initial hearing, not in subsequent contested hearings. *See* 8 C.F.R. § 242.16 (1991).[3] While it is not entirely clear whether Reinoso's hearing before the original IJ was the initial hearing or a subsequent contested hearing, allusions in the hearing transcript to a prior hearing and the fact that a trial attorney representing the Government was present strongly suggest the latter.

---

[2] Reinoso also claimed that the original IJ had not allowed him to obtain counsel. This is disproved by the record: the original IJ granted Reinoso a continuance to obtain counsel and provided a list of immigration attorneys who could assist him.

[3] These regulations are now codified at 8 C.F.R. § 1240.10.

Most importantly, the issue before the Board was not whether there had been any error in the original deportation proceedings, but whether Reinoso had shown exceptional circumstances warranting reopening *sua sponte*. *Matter of Beckford*, 22 I. & N. Dec. at 1218. The Board concluded that Reinoso could not show exceptional circumstances because he would not have been eligible for relief under former section 212(c) during his 1996 immigration proceedings.

The Board's decision, far from relying on an incorrect legal premise, rests on firm ground. Under former section 212(c):

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General.

8 U.S.C. § 1182(c) (1952). Though on its face former section 212(c) applied only to exclusion proceedings, the Board later interpreted the provision to allow any LPR who had lawfully been in the country for seven consecutive years to apply for a discretionary waiver from deportation. *Matter of Silva*, 16 I. & N. Dec. 26, 30 (BIA 1976).

Congress repealed former section 212(c) of the INA effective April 1, 1997. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, tit. III(A), § 304(b), 110 Stat. 3009–597. However, in 2001, the Supreme Court held that the repeal was not retroactive, so LPRs who pleaded guilty to certain crimes before April 1, 1997 could still seek relief under former section 212(c). *I.N.S. v. St. Cyr*, 533 U.S. 289, 326 (2001). In 2014, the Board extended eligibility for relief under former section 212(c) to LPRs convicted of aggravated offenses so long as they had been in the country

7

as LPRs for seven consecutive years. *Matter of Abdelghany*, 26 I. & N. Dec. 254, 272–73 (BIA 2014).

Because Reinoso was not domiciled in the United States as an LPR for seven consecutive years, the Board was correct that he would not have qualified for relief under former section 212(c). Implicitly recognizing this obstacle, Reinoso now argues that the Board's decision rested on an incorrect legal premise as it failed to consider his argument that he could *now* obtain a 212(c) waiver because he has resided in the United States continuously since his illegal reentry in 1998. We disagree.

An alien's LPR status ends at the entry of a final administrative order of deportation or removal. *Matter of Lok*, 18 I. & N. Dec. 101, 105 (BIA 1981); *see also* 8 C.F.R. § 1001.1(p) (LPR "status terminates upon entry of a final administrative order of exclusion, deportation, removal, or rescission."). Reinoso was admitted as an LPR on January 11, 1994. His final order of deportation—which terminated his LPR status—was entered on October 23, 1996. Thus, Reinoso has never been a lawful domiciliary for seven consecutive years.

Reinoso was not eligible for relief under former section 212(c), so we conclude that the Board's decision was not based on an incorrect legal premise.

**B**
**The Board's Decision Is Not Contrary to a Settled Course of Adjudication.**

Reinoso also argues that the Board departed from a settled course of adjudication by denying his motion to reopen *sua sponte*. We have held that "administrative agencies must apply the same basic rules to all similarly situated supplicants." *Cruz*, 452 F.3d at 250

8

(internal quotation omitted). Reinoso cites a dozen unpublished cases in which, he asserts, the Board reopened immigration proceedings *sua sponte* to permit applications for relief under former section 212(c) and argues that he merits the same relief.

In all but one of those cases, the Board granted motions to reopen *sua sponte* when, because of vacated convictions, incorrect domicile calculations, or favorable changes in the law, the petitioner was now eligible for relief under former section 212(c).[4] These cases do not apply to Reinoso. His convictions were never vacated, his time of continuous domicile as an LPR is correctly calculated at far fewer than seven years, and there have been no changes in the law that benefit him. Reinoso's remaining citation is to a case in which the Board granted reopening *sua sponte* so that the IJ could consider, in the first instance, whether the petitioner was eligible for relief under former section 212(c).[5] This case also does not apply. Here, the current IJ already determined in the first instance that Reinoso would not be eligible for relief under former section 212(c). Reinoso is not "similarly situated" to the petitioners in any of his cited cases, and he has failed to show that the Board departed from a settled course of adjudication in his case.

---

[4] *See In re Miranda de la Cruz*, 2009 WL 5443858 (BIA Dec. 18, 2009) (post-1996 conviction vacated); *In re Lorenzo*, 2004 WL 1059660 (BIA Jan. 14, 2004) (incorrect domicile calculation); *In re Alonso*-Diaz, 2018 WL 2761497 (BIA Mar. 5, 2018) (favorable change to the law); *In re Adesumbo*, 2004 WL 2418721 (BIA Oct. 8, 2004) (same); *In re Allen*, 2004 WL 2374942 (BIA Aug. 20, 2004) (same); *In re Dunkley*, 2004 WL 2374897 (BIA Aug. 18, 2004) (same); *In re Aguirre-Garcia*, 2004 WL 2374564 (BIA Aug. 2, 2004) (same); *In re Pena-Sandoval*, 2004 WL 880318 (BIA Mar. 3, 2004) (same); *In re Hernandez-Gutierrez*, 2004 WL 1167065 (BIA Feb. 13, 2004) (same); *In re Wong*, 2004 WL 1167163 (BIA Feb. 9, 2004) (same); *In re Rhoden*, 2003 WL 23216919 (BIA Oct. 2, 2003) (same).

[5] *See In re Briscoe*, 2008 WL 4868720 (BIA Oct. 15, 2008).

## IV

The Board neither relied on an incorrect legal premise when it denied Reinoso's motion to reopen *sua sponte*, nor exercised its unfettered discretion contrary to a settled course of adjudication. Because neither exception applies, we lack jurisdiction to review the Board's determination and we must dismiss Reinoso's petition.