NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0178n.06

No. 20-3914

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>

NAJAH NAJIB HERMIZ, aka Boulos Khleif,<br>aka Naja Najab Abou-Joudeh,<br><br>      **Petitioner,**<br><br>v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>      **Respondent.**

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

**FILED**<br>Apr 08, 2021<br>DEBORAH S. HUNT, Clerk<br><br><br>ON PETITION FOR REVIEW<br>OF A FINAL ORDER OF THE<br>BOARD OF IMMIGRATION<br>APPEALS<br><br>**OPINION**

</td></tr>
</table>

**Before:  COLE, Chief Judge; MOORE and GILMAN, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.**  Najah Najib Hermiz petitions this court to review the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen sua sponte his immigration proceedings.  For the following reasons, we **DISMISS** the petition for review for want of jurisdiction.

### I.  BACKGROUND

Hermiz, a native and citizen of Iraq, was admitted to the United States as a refugee in 1982. Administrative Record ("A.R.") at 507 (Order to Show Cause at 1).  He adjusted his status to Lawful Permanent Resident on October 27, 1983 as of July 29, 1982.  *Id.*  Upon his conviction for Conspiracy to Deliver a Controlled Substance under Michigan Compiled Laws § 333.7401, the trial court sentenced him on January 8, 1990 to five to twenty years' incarceration.  *Id.* at 24

(Judgment of Sentence). As a result of his conviction, the United States Immigration and Naturalization Service ("I.N.S.") issued an Order to Show Cause charging Hermiz with being deportable pursuant to former 8 U.S.C. § 1251(a)(2)(A)(iii) (1994) and 8 U.S.C. § 1251(a)(2)(B)(i) (1994). A.R. at 507, 509 (Order to Show Cause at 1, 3). On October 29, 1997, the Immigration Judge found Hermiz to be deportable as charged and denied his application for relief under Immigration and Nationality Act ("INA") § 212(c) and his applications for asylum and withholding of removal because of the length of his sentence. A.R. at 439–42 (10/29/1997 IJ Hr'g Tr. at 11–14). Until repealed in 1996, INA § 212(c) (codified at 8 U.S.C. § 1182(c) (1988)) permitted the Attorney General to exercise discretion to grant relief to an excludable[1] or inadmissible noncitizen who had legally resided in the United States for at least seven years.

Hermiz timely appealed this decision to the BIA. A.R. 416–19 (Notice of Appeal). The BIA affirmed the IJ's denial of Hermiz's applications for INA § 212(c) relief, asylum, and withholding of removal, and remanded to the IJ for consideration of Hermiz's application for protection under the Convention Against Torture ("CAT") regulations. A.R. at 373–74 (04/12/1999 BIA Decision). On remand, the IJ denied his application for withholding of removal under the CAT regulations but granted deferral of removal because the IJ concluded that Hermiz was more likely than not to be tortured if deported to Iraq. A.R. at 168 (12/20/1999 IJ Hr'g Tr. at 15). The BIA affirmed the IJ's grant of deferral of removal. A.R. at 87–88 (12/05/2002 BIA Decision).

---

[1]Although the plain language of INA § 212(c) mentioned only noncitizens in exclusion proceedings, the BIA extended the provision to noncitizens who, like Hermiz, were in removal proceedings. *Matter of Silva*, 16 I. & N. Dec. 26, 30 (BIA 1976).

On April 24, 2020, Hermiz moved the BIA to reopen his removal proceedings sua sponte and remand the matter to the immigration court to permit him to apply for relief under the former INA § 212(c). A.R. at 12 (Filing Receipt for Mot.). Motions to reopen sua sponte are available to petitioners who, like Hermiz, have previously filed a motion to reopen or failed to comply with the ninety-day time limit, 8 U.S.C. § 1229a(c)(7)(A), (C)(i), and who do not allege any exceptions to the numerical and time limitations on motions to reopen, 8 C.F.R. § 1003.2(c)(3)(i)–(iv). *See* 8 C.F.R. § 1003.2(a). The BIA reserves its discretion to reopen cases sua sponte for "exceptional situations." *In Re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997).

Hermiz claimed that the BIA's 2014 decision in *Matter of Abdelghany*, 26 I. & N. Dec. 254 (BIA 2014), meant that he was eligible for relief under § 212(c). A.R. at 19 (Brief in Support of Mot. to Reopen at 1). In *Abdelghany*, the BIA held that noncitizens who were convicted after a jury trial were eligible for § 212(c) relief under the version in effect at the time of their conviction. *Abdelghany*, 26 I. & N. Dec. at 268–69. Hermiz argues that he was eligible for § 212(c) relief under the law in effect at the time of his conviction, which did not bar noncitizens with aggravated felony convictions who served more than five years in prison, 8 U.S.C. § 1182(c) (1988). A.R. at 21–22 (Brief in Support of Mot. to Reopen at 3–4).

The BIA denied Hermiz's motion to reopen sua sponte. A.R. at 3 (08/03/20 BIA Decision at 1). The BIA first remarked that Hermiz "has not explained why he waited over 5 years subsequent to the issuance of *Abdelghany* to file the current motion." *Id.* The BIA then noted that Hermiz had "submitted no evidence indicating that he warrants either a discretionary grant of this motion or his § 212(c) request, or statutory eligibility of the underlying waiver of inadmissibility that he seeks." *Id.* Instead, Hermiz submitted the records of his prior conviction and his prior

immigration decisions. *Id.* As a result, the BIA concluded that Hermiz had failed to show "an exceptional situation" justifying an exercise of its discretion to reopen under its sua sponte authority. *Id.* Hermiz now appeals.

## II. STANDARD OF REVIEW

We review under the abuse-of-discretion standard the denial of motions to reopen. *See I.N.S. v. Abudu*, 485 U.S. 94, 105 (1988). In the case of denials of motions to reopen sua sponte, however, "'[t]he decision whether to invoke *sua sponte* authority [under 8 C.F.R. § 1003.2(a)] is committed to the unfettered discretion of the BIA' and therefore is not subject to judicial review." *Barry v. Mukasey*, 524 F.3d 721, 723 (6th Cir. 2008) (quoting *Harchenko v. I.N.S.*, 379 F.3d 405, 410 (6th Cir. 2004)).

## III. ANALYSIS

Hermiz argues that we have jurisdiction to review the BIA's denial of his motion to reopen sua sponte because the BIA made a legal error. Specifically, he contends that the BIA made an error of law when it concluded that he had not demonstrated his eligibility for § 212(c) relief. Pet'r Br. at 6–8. In support of our jurisdiction to review the BIA's decision, Hermiz relies on the Third Circuit's opinion in *Pllumi v. Attorney General of the United States*, 642 F.3d 155 (3d Cir. 2011), and the Second Circuit's opinion in *Mahmood v. Holder*, 570 F.3d 466 (2d Cir. 2009). Pet'r Br. at 7. *Pllumi* and *Mahmood* both hold that an appellate court has limited jurisdiction to review a sua sponte denial when the BIA relies on an incorrect legal premise in denying the reopening request. *See Pllumi*, 642 F.3d at 160; *Mahmood*, 570 F.3d at 469.

Hermiz's argument fails. Although we have not determined whether we may review the BIA's denial of sua sponte reopening when it is based on legal errors, we need not reach this

question here because Hermiz has failed to identify an "incorrect legal premise" on which the BIA relied in its decision. *Dable v. Barr*, 794 F. App'x 490, 494 (6th Cir. 2019); *Lisboa v. Holder*, 570 F. App'x 468, 472–73 (6th Cir. 2014). Hermiz argues that the BIA incorrectly concluded that he did not show eligibility for § 212(c) relief in his motion to reopen sua sponte. Pet'r Br. at 8. As part of his motion to reopen sua sponte, Hermiz submitted documentation from his 1990 conviction and his prior immigration proceedings, A.R. at 24–36 (Attach. to Br. in Support of Mot. to Reopen at 6–17), and his attorney stated that Hermiz had not committed any further crimes, A.R. at 22–23 (Brief in Support of Mot. to Reopen at 4–5). This evidence established, at best, that Hermiz was eligible *to apply for* § 212(c) relief. It did not address whether his circumstances warranted a favorable exercise of discretion to grant § 212(c) relief. Hermiz's attorney simply noted in his brief that Hermiz was a "long-term resident of the United States, and has been a person of good moral character since the 1990 incident, has had no further involvement with the criminal justice system and has been a productive member of society." *Id.* The BIA denied Hermiz's motion for failure to provide any evidence that he warranted exercise of the BIA's discretionary authority to reopen sua sponte his immigration proceedings. A.R. at 3 (08/03/20 BIA Decision at 1). In so ruling, the BIA did not rely on any incorrect legal premise.

## IV. CONCLUSION

For the foregoing reasons, we **DISMISS** the petition for review for want of jurisdiction.